Joseph Kachinski, Petitioner *v.* Workmen's Compensation Appeal Board (Vepco Construction Co.), Respondents.

Submitted on briefs June 3, 1985, to Judges ROGERS and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Richard S. Campagna,* for petitioner.

*Cal A. Leventhal,* for respondent, Vepco Construction Co.

OPINION BY JUDGE ROGERS, September 10, 1985:

Joseph Kachinski (claimant) has filed a petition for review of an order of the Workmen's Compensation Appeal Board (board) affirming a referee's order granting the petition of his former employer, Vepco Construction Co., for modification of his compensation benefits.

The claimant, a welder, suffered a compensable injury or injuries in an accident which occurred on January 20, 1981, on account of which he received payments for total disability under a notice of compensation payable. On April 9, 1981, the claimant filed a petition for review of the notice of compensation pay-

able, alleging that he receives compensation for work-related burns to his face but that he had also suffered a back injury in the same accident for which the employer refused to compensate him. By answer, the employer denied that the claimant had sustained a back injury and, on September 24, 1981, filed a petition for modification of compensation, contending that from June 30, 1981, the claimant had sufficiently recovered from his work-related injury to be capable of returning to gainful employment and that "said employment" was presently available in the marketplace.

After hearings, the referee found that the claimant was partially, rather than totally, disabled and that there were six positions which were available in the labor market and within the claimant's physical and intellectual capabilities. The claimant appealed, and the board affirmed the referee's order. This appeal followed, with the claimant contending that the board's order "is erroneous and should be set aside because the testimony concerning work available to Petitioner and within his limitations was inadequate as a matter of law since it did not specifically relate job requirements to Petitioner's physical condition, experience and training."

An employer, or its insurance carrier, seeking to modify a workmen's compensation agreement and asserting that a claimant's disability is no longer total has the burden to prove that the claimant's condition of disability has abated and that work is available which the claimant is capable of doing. *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968); *Petrone v. Moffat Coal Co.*, 427 Pa. 5, 233 A.2d 891 (1967); *St. Vincent Health Center v. Workmen's Compensation Appeal Board*, 59 Pa. Commonwealth Ct. 130, 428 A.2d 1061 (1981). The work proposed for a

partially disabled claimant must be *actually* available, that is, in fact within his reach, and it must be brought to his notice by the employer. A position may be found to be actually available, or within the claimant's reach, only if it can be performed by the claimant, having regard to his physical restrictions and limitations, his age, his intellectual capacity, his education, his previous work experience, and other relevant considerations, such as his place of residence. The employer does not have to produce a job offer, *Don-Mark Realty Co. v. Milovec,* 11 Pa. Commonwealth Ct. 448, 314 A.2d 349 (1974), but positions which are pie-in-the-sky, often described by vocational experts as sedentary or light or requiring little lifting, do not without additional description of their physical demands, establish actual availability of work which a claimant with particular physical limitations can do. *4156 Bar Corp. v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 176, 438 A.2d 657 (1981); *State Products Corp. v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 366, 434 A.2d 207 (1981).

The employer in this case adduced the testimony of a Dr. David Cooper, who examined the claimant on January 13, 1983, and whose testimony the referee accepted. This supports the referee's finding that the claimant's condition of disability had changed from total to partial. Dr. Cooper testified that the claimant was capable of doing a sedentary type of occupation, but not heavy duty work; that he was restricted to lifting not more than ten pounds; that he could stand intermittently and sit for extended periods of time; that he could stand for three to four hours during an eight hour day, but only for one-half to one hour at a time; and that he could sit for eight hours, but only for one-half to one hour at a time.

The claimant has a high school equivalency certificate and has worked as an auto mechanic, as a water and sewer pipe supervisor, and lately as a welder.

The employer also adduced the testimony of a vocational placement expert, who described a number of positions which she thought a person with the claimant's physical restrictions could perform; the relevant positions were as follows: (1) credit adjuster of a store; (2) sales assistant at an automotive parts warehouse; (3) machine room printer at a community center; and (4) security guard. The referee found:

9. The defendant presented suitable work available in the market within claimant's physical and mental restrictions, acceptable and approved by Dr. Cooper, which this Referee accepts as credible, as follows:

(a) Globe Store, Scranton, Pa.—Credit adjuster, Available, May 25, 1983 to June 1, 1983 at $4.00 per hour, forty (40) hours per week. A sitting job with no requirement to lift, bend or squat. Although a primarily sitting job, claimant can alternate positions. Average weekly wage is $160.00 and will train.

(b) Keystone Automotive Warehouse, sales assistant, available February 4, 1983 to February 10, 1983. Take orders for auto parts, prepare billing statements, compute costs, will train. $4.35 per hour, forty (40) hours per week, or $174.00 per week. Basically a sitting job.

(c) Jewish Community Center, record keeping, inventory control, operate mimeograph and other printing machines. No experience required, primarily sitting. Available April 28, 1983 to May 4, 1983. $3.50 per hour, forty (40) hours a week or $144.00 per week.

(d) Allied Services—Security Guard, surveillance of property from a car. Primarily sitting, may alternate positions. Available May 13, 1983 to May 19, 1983, $4.50 per hour, forty (40) hours a week or $180.00 per week.

(e) Arco Service Station—Attendant at a self-service pump. Standing, sitting, walking. Job available October 2, 1981 to October 5, 1981. $3.35 per hour, part time to start, twenty (20) hours with monthly increases. Average weekly wage, $67.00.

(f) AM-PM Mini Mart—Cashier. $3.35 per hour, forty (40) hours a week or $134.00 per week. 4:00 P.M. to 12:00 P.M. Claimant had been notified of certain jobs.

First, the referee's statement that Dr. Cooper had found acceptable and had approved all of these positions is not supported by the record. Dr. Cooper did not testify regarding the positions at the Globe Store, Jewish Community Center, or Allied Services; indeed, as the referee's findings show, these positions were not described as being available when the doctor testified in March of 1983. Dr. Cooper testified that the claimant could do the work at Keystone Warehouse in response to a hypothetical question to which the claimant's counsel objected as inaccurate and which included the assumption that standing, walking, and sitting would be at the claimant's discretion. This privilege was not included in the vocational expert's description. Dr. Cooper approved positions as an attendant at an Arco station and as a cashier at an AM-PM Mini Mart but these were available in October, 1981 and were not shown to be available in 1983 when Dr. Cooper testified. A suggested position of employment must be available when the claimant is found to be able to perform it. *Livingston v. Work-*

*men's Compensation Appeal Board,* 67 Pa. Commonwealth Ct. 497, 447 A.2d 715 (1982). Dr. Cooper approved a position as a coordinator for finding positions for nurses but the referee did not include this in his finding of positions available to the claimant.

With further reference to the positions with Globe Store, Allied Services, and the Jewish Community Center, the first two, as the referee found, were primarily to be done seated; but Dr. Cooper testified that the claimant could sit only for one hour at a time and longer only if he could change positions. The record shows that the position at the Jewish Community center requires lifting of up to twenty pounds, and the doctor restricted the claimant to ten. Moreover, the descriptions provided by the vocational expert of the positions which the referee found to be available contain no mention of the total time during a day that the claimant would be required either to sit or to stand or the duration of individual times of seated or standing activity.

One of the positions found to be available is that of credit adjuster, not otherwise described, another as a sales assistant preparing billing statements and computing costs, and a third with a community center keeping its records and controlling its inventory. There is no evidence that considering the claimant's education and previous work experience he could perform these kinds of duties.

The employer's evidence would support a finding that there were positions of employment in the workplace for partially disabled persons. It does not support the referee's findings that some of these jobs were actually available or within reach of this claimant. *4156 Bar Corp.; State Products Corp. v. Workmen's Compensation Appeal Board.*

Order reversed.

### ORDER

AND Now, this 10th day of September, 1985, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed.

Judge BARRY did not participate in the decision in this case.

---

### DISSENTING OPINION BY JUDGE DOYLE:

I respectfully dissent. The record contains descriptions of the positions at Keystone Warehouse (available February 4, to February 10, 1983), Globe Store (available May 25, 1983 to June 1, 1983), Allied Services (available May 13 to 19, 1983) and the Jewish Community Center (available April 28 to May 4, 1983). There is also medical testimony describing Claimant's physical limitations. The majority opinion seeks to compel not only the testimony of medical and vocational experts, but also imposes on the burdened party (Employer) the requirement that one of the experts state, via use of specific hypothetical questions, that Claimant can, in fact, perform the particular jobs. This testimony, in my view, is not needed; rather, I believe that once adequate medical and vocational evidence is presented, a referee, as factfinder, can assess the job duties and medical restrictions and determine whether a particular job can be performed by a claimant. Thus, I do not perceive Dr. Cooper's failure to testify on the Globe Store, Allied Services and Jewish Community Center positions to be fatal to Employer's case.

Additionally, I do not agree that the hypothetical question with respect to the Keystone Warehouse position was inadequate. The vocational expert classified the position as a sedentary one. The job description which was entered into evidence states, "[t]akes phone

orders for automotive parts; prepares billing statements using price catalogs, computes cost with use of calculator, records on billing statement." I believe that given this job description the referee could draw upon common experience in determining whether Claimant could perform the job. I see no reason to require testimony on obvious matters such as one's ability to talk on the telephone or consult a catalogue while standing or sitting. In short, I believe first, that a referee can "link" the testimony of vocational and medical experts in assessing whether a claimant can perform a particular position (and while hypothetical questions may be used they are not required) and second, that in examining job duties well known facts gained by common experience can be taken into account without direct evidence of record.

Finally, I also express my disagreement with the majority's statement that equates pie-in-the-sky positions with sedentary ones. As I read *4156 Bar Corp. v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 176, 438 A.2d 657 (1981), the case holds only that a list of positions does not establish actual availability. This is undisputed; however, proof of an existing sedentary position *could* form the basis for establishing availability if a claimant's only limitation were that he or she remain seated while working. Accordingly, I cannot agree with either the proposition stated or the authority cited.