Margaret M. Farkaly, Petitioner *v.* Workmen's Compensation Appeal Board (Baltimore Life Insurance Company), Respondents.

Submitted on briefs June 3, 1985, to Judges ROGERS and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Richard S. Campagna,* for petitioner.

*Lucille Marsh, Henkelman, Kreder, O'Connell & Brooks,* for respondents.

Opinion by Judge Rogers, September 11, 1985:

Margaret M. Farkaly (claimant) has filed a petition for review of an order of the Workmen's Compensation Appeal Board (board) affirming a referee's order granting the prayer of the petition of her former employer for modification of her benefits.

The claimant, who worked as a debit agent, suffered a compensable injury in an automobile accident on August 23, 1978. The claimant received compensation, which was terminated by the execution of a final receipt on November 2, 1978. On March 18, 1980, the claimant filed a petition for reinstatement of compensation, which was granted by the referee and is not now contested by the employer. The employer filed a petition for modification of compensation on May 18, 1981, contending that the claimant's disability had ceased or changed from total to partial and that work was available which the claimant was capable of performing.

After hearings, the referee found that the claimant was partially disabled and that there were two positions available in the labor market which she was capable of performing. The claimant appealed, and the board affirmed the referee's order. This appeal followed with the claimant contending that the board's order "is erroneous and should be set aside because the testimony concerning work available to the petitioner and within her limitations was inadequate as a matter of law since it did not specifically relate job requirements to the petitioner's physical condition, experience and training."

An employer, or its insurance carrier, seeking to modify a workmen's compensation agree-

ment and asserting that a claimant's disability is no longer total has the burden to prove that the claimant's condition of disability has abated and that work is available which the claimant is capable of doing. Barrett v. Otis Elevator Co., 431 Pa. 446, 246 A.2d 668 (1968); Petrone v. Moffat Coal Co., 427 Pa. 5, 233 A.2d 891 (1967); St. Vincent Health Center v. Workmen's Compensation Appeal Board, 59 Pa. Commonwealth Ct. 130, 428 A.2d 1061 (1981). The work proposed for a partially disabled claimant must be *actually* available, that is in fact within his reach, and it must be brought to his notice by the employer. A position may be found to be actually available, or within the claimant's reach, only if it can be performed by the claimant, having regard to his physical restrictions and limitations, his age, his intellectual capacity, his education, his previous work experience, and other relevant considerations, such as his place of residence. The employer does not have to produce a job offer, Don-Mark Realty Co. v. Milovec, 11 Pa. Commonwealth Ct. 448, 314 A.2d 349 (1974), but positions which are pie-in-the-sky, often described by vocational experts as sedentary or light or requiring little lifting, do not, without additional description of their physical demands, establish actual availability of work which a claimant with particular physical limitations can do.

*Kachinski v. Workmen's Compensation Appeal Board,* 91 Pa. Commonwealth Ct. 543, 545-6, 498 A.2d 36, 37 (1985) (emphasis in original). *See 4156 Bar Corp. v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 176, 438 A.2d 657 (1981); *State Prod-*

*ucts Corp. v. Workmen's Compensation Appeal Board,*
61 Pa. Commonwealth Ct. 366, 434 A.2d 207 (1981).

The claimant's treating physician testified that the claimant's condition has changed from total to partial disability; that she is able to do part-time sedentary work if she is not required to sit or stand for long periods, reach above her shoulders, lift more than ten pounds, or push or pull heavy weights; and that she cannot return to her position as a debit agent.

On the issue of available work, a rehabilitation counselor and personnel consultant testified for the employer that several positions suited to the claimant's physical limitations were available. The referee found that only two of the positions were actually available considering her limitations. The consultant's testimony regarding these two positions was:

A: On the 25th of August, 1981, I located another sedentary position at the Picture Barn, 1946 Wyoming Avenue, Exeter, Pennsylvania. The position was a cashier. The duties involved accepting photo finishing, selling film and supplies, and operating a cash register. The person I interviewed was Mrs. Gerri Insalaco. There was twenty to thirty hours of part-time employment available, depending upon the individual's needs. The wages were $3.35 per hour.

Q: And when was this position available?

A: August 25, 1981.

Q: And was it made known to Mrs. Farkaly [the claimant] or her counsel?

A: Yes, it was. All of these jobs were made known to [the claimant's attorney].

. . . .

On October 22, 1981, there was a position available at the Paramount Carpet Care Center, located at Newton Ransom Blvd., Newton, Pennsylvania. The position was telephone sales person. The duties were to contact customers for direct sales of cleaning and estimating jobs for cleaning primarily carpet cleaning, either at the plant or at the individual's home. The person I contacted was Miss Carmen Bordo. There were twenty hours per week available at that time. The starting rate was $3.35 per hour. She indicated to me that the average commission on top of that for a part-time employee would be approximately $25.00 per week; it could be more depending upon the individual's incentive.

. . . .

Q: Did you observe all of these particular jobs?

A: I observed all of the jobs with the exception of Paramount Carpet Care. I did not go to the office and look at the office, per se, to look at the seat, to look at the telephone. All of the other jobs, I personally contacted the individuals I have referred to on my job survey.

A medical doctor produced by the employer testified that the claimant could perform the duties of the Picture Barn job in response to a hypothetical question, to which claimant's counsel objected as requiring the witness to assume facts not in evidence, to wit, that the worker could sit or stand as needed. This privilege is not mentioned in the personnel consultant's description of the position. The employer's medical witness approved the position at Paramount Carpet Care Center, but his understanding of the duties of this position was sketchier than the per-

sonnel consultant's description which we have reproduced.

The record descriptions of the two positions that the referee found to be available do not inform whether the claimant would have to sit or stand for long periods of time, reach above her shoulders, lift more than ten pounds or push or pull heavy weights, all limitations upon the claimant's abilities to which the referee found her to be subject.

The evidence does not support the referee's finding that two positions were within the claimant's physical capabilities and limitations and the board's order must therefore be reversed.

ORDER

AND Now, this 11th day of September, 1985, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed.

Judge BARRY did not participate in the decision in this case.

---

DISSENTING OPINION BY JUDGE DOYLE:

I dissent. As I stated in my dissent in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 91 Pa. Commonwealth Ct. 543, 498 A.2d 36 (1985), I do not believe that an expert witness is required to proclaim a job to be suitable. The record here contains adequate testimony on the duties of the two positions and on Claimant's medical restrictions. It was within the *referee's province* as fact finder to assess these duties and restrictions and determine if Claimant could perform the jobs. Expert testimony linking the job duties and medical restrictions is not required in my view.

Also, as I stated in *Kachinski*, I believe common experience plays a permissible role in fact finding.

Certainly, a cash register can be operated while standing or sitting.

Finally, as in *Kachinski*, I object here to the statement that sedentary positions do not establish availability; rather, proof of an existing sedentary position *could* form the basis for establishing availability if a claimant's only limitation were that he or she remain seated while working.