532 A.2d 382

**Margaret M. FARKALY, Appellee**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(BALTIMORE LIFE INSURANCE COMPANY).**

**Appeal of BALTIMORE LIFE INSURANCE COMPANY.**

Supreme Court of Pennsylvania.

Argued Jan. 27, 1987.

Decided Oct. 15, 1987.

Lucille Marsh, Scranton, for appellant.

Richard S. Campagna, Scranton, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

Claimant, Margaret M. Farkaly, while operating in the course of her employment with employer, Baltimore Life Insurance Company, was involved in a car accident in which her back and neck were injured. At the time Ms. Farkaly was a debit agent with Baltimore Life, a job which involved

visiting clients for purposes of collecting insurance premiums. Since her job involved extensive driving and some lifting she was ultimately unable to continue in that employment.

The original injury to claimant occurred in August, 1978. She received compensation for this injury up until October, 1978, at which time she returned to work. In March, 1980, she filed a petition for reinstatement of benefits, alleging a recurrence of the symptoms from her original injury. In June, 1980, an interim order was signed awarding benefits. In May, 1981, employer filed a petition for modification, alleging that claimant's disability had ceased or changed from total to partial, and that work was available which claimant was capable of performing.

After a number of hearings the referee concluded, *inter alia*, that payment of compensation should be reinstated, and that the amount of payments should be modified from total disability to partial disability because of the availability of suitable work: a decision which was affirmed by the Board.

On appeal the Commonwealth Court reversed, 91 Pa. Cmwlth. 571, 498 A.2d 34. Upon petition we granted allowance of appeal. We now reverse the Commonwealth Court and reinstate the order of the Workmen's Compensation Appeal Board.

The issue in this case is the same as that presented in *Kachinski v. Workmen's Compensation Appeal Board*, 516 Pa. 240, 532 A.2d 374 (1987): whether the employer has shown the availability of suitable employment such that claimant's benefits can be reduced from total to partial.

In *Kachinski* we held that a disabled claimant is entitled to a job referral to a position which the evidence proves was within his capabilities; and that the refusal of the claimant to pursue valid job referrals can be a basis for reducing benefits.

■ In this case there was testimony, which the referee accepted, that claimant was physically able to perform

part-time sedentary work, and that two positions were available that fit this description. Though at the time of the referee's decision he was not required to make a finding that Ms. Farkaly was referred to these jobs, the testimony in the record is undisputed that the information about these jobs was effectively conveyed to the claimant. In this regard employer's vocational expert, after describing the jobs, testified that "[a]ll these jobs were made known to [her] attorney." Deposition, Lawrence Thayer, March 18, 1982. Unlike *Kachinski*, where only general overtures were made to claimant's counsel, here the employer did everything possible to convey the information to the claimant, and thus we think the employer fulfilled its burden of referring the claimant to available work.

The only remaining question is whether the available work was within her capabilities. In considering this question the Commonwealth Court relied on its prior decision in *Kachinski v. Workmen's Compensation Board,* 91 Pa. Cmwlth. 543, 498 A.2d 36 (1985), and held that the employer failed to specifically match the duties of the job to her individual capabilities. However, in our decision in *Kachinski* we held that the threshold burden of an employer is to show that he referred the claimant to a job within the category for which the claimant received medical clearance. *Kachinski v. Workmen's Compensation Appeal Board, supra,* 516 Pa. at 252, 532 A.2d at 380.

Furthermore, in *Kachinski* we rejected the Commonwealth Court's approach of requiring the employer to specifically detail every aspect of a job before it can be considered within the capability of the claimant. Here again we refer with approval to comments within the dissent of Judge Doyle.

I do not believe that an expert witness is required to proclaim a job to be suitable. The record here contains adequate testimony on the duties of the two positions and on Claimant's medical restrictions. It was within the *referee's province* as fact finder to assess these duties and restrictions and determine if Claimant could perform

260

the jobs. Expert testimony linking the job duties and medical restrictions is not required in my view.

Also, as I stated in *Kachinski,* I believe common experience plays a permissible role in fact finding.

*Farkaly v. Workmen's Compensation Appeal Board,* 91 Pa.Cmwlth. 571, 576, 498 A.2d 34, 36 (1985) (Doyle J., Dissenting) (emphasis in original).

■ Turning to the facts regarding the actual work offered we think the referee was correct in finding that the jobs were within claimant's capabilities. Those capabilities, as found by the referee and not disputed by the claimant, were the ability "to do part-time sedentary work provided she is not required to sit or stand for long periods. She cannot reach above her shoulders, lift beyond 10 pounds or push or pull heavy weights." Finding of Fact 7, Referee's Decision April 6, 1983. The jobs in question were as a cashier and as a telephone solicitor, both of which were part-time and neither of which involved lifting.

Since these jobs were made available to claimant, and were within her capabilities, we conclude that the Board was correct in modifying claimant's status from total disability to partial disability.

The order of the Commonwealth Court is reversed.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent. For the reasons stated in my concurring opinion in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987), I do not accept the majority's evidentiary "guidelines" set forth therein and applied in the instant appeal to the detriment of appellee Margaret M. Farkaly.

Prior to the majority's pronouncement in *Kachinski,* the Commonwealth Court and the workmen's compensation authorities were, in employer modification petition cases, guided by this Court's decisions in *Barrett v. Otis Elevator Co.,* 431 Pa. 466, 246 A.2d 668 (1968) and *Unora v. Glen Alden*

*Coal Co.,* 377 Pa. 7, 104 A.2d 104 (1954). As the majority acknowledged in *Kachinski,* 516 Pa. at 252, 532 A.2d at 380, these prior decisions of this Court required that "the referrals by the employer must be tailored to the claimant's abilities, *Unora, supra....*" Accordingly, the Commonwealth Court, interpreting *Barrett* and *Unora,* held in *Kachinski* and in the instant case that:

An employer, or its insurance carrier, seeking to modify a workmen's compensation agreement and asserting that a claimant's disability is no longer total has the burden to prove that the claimant's condition of disability has abated and that work is available which the claimant is capable of doing. *Barrett v. Otis Elevator Co.,* 431 Pa. 446, 246 A.2d 668 (1968).... The work proposed for a partially disabled claimant must be *actually* available, that is, in fact within his reach, and it must be brought to his notice by the employer. A position may be found to be actually available, or within the claimant's reach, *only if it can be performed by the claimant, having regard to his physical restrictions and limitations, his age, his intellectual capacity, his education, his previous work experience, and other relevant considerations, such as his place of residence.* The employer does not have to produce a job offer, ... but *positions which are pie-in-the-sky, often described by vocational experts as sedentary or light or requiring little lifting, do not without additional description of their physical demands, establish actual availability of work which a claimant with particular physical limitations can do....*

91 Pa.Cmwlth. 543, 498 A.2d 36, 38–39 (1985) (emphasis added; citations omitted), quoted in *Farkaly, supra* 91 Pa.Cmwlth. at 572–74, 498 A.2d at 34–35.

Applying *those* principles and guidelines to the instant case, the Commonwealth Court further stated:

A medical doctor produced by the employer testified that the claimant could perform the duties of the Picture Barn job in response to a hypothetical question, to which claimant's counsel objected as requiring the witness to

assume facts not in evidence, to wit, that the worker could sit or stand as needed. This privilege is not mentioned in the personnel consultant's description of the position. The employer's medical witness approved the position at Paramount Carpet Care Center, but his understanding of the duties of this position was sketchier than the personnel consultant's description which we have reproduced.

The record descriptions of the two positions that the referee found to be available do not inform whether the claimant would have to sit or stand for long periods of time, reach above her shoulders, lift more than ten pounds or push or pull heavy weights, all limitations upon the claimant's abilities to which the referee found her to be subject.

The evidence does not support the referee's finding that two positions were within the claimant's physical capabilities and limitations and the board's order must therefore be reversed.

91 Pa.Cmwlth. at 576, 498 A.2d at 36.

The majority reverses the Commonwealth Court upon application of the majority's newly announced evidentiary guidelines in *Kachinski*. Those guidelines significantly enhance a claimant's burdens in employer modification petition cases by requiring the claimant to prove, once the employer has shown that her medical condition has improved and that she has been given a job referral in the *general* occupational category for which she has received medical clearance, that she is not able to perform a particular job because of the specific requirements of the job and her peculiar physical limitations. In effect, the majority penalizes appellee for failing to meet the claimant's enhanced evidentiary burden announced by this Court in *Kachinski* some four and one-half years after the hearings were held before the referee in the instant case. This is unfair to appellee, and it is wholly inappropriate to hold appellee to a burden of proof not in existence at the time of the proceedings before the compensation authorities. At a

minimum, this Court should remand to the Workmen's Compensation Appeal Board for further proceedings to allow appellee an opportunity to meet her enhanced burden of proof newly enunciated by a majority of this Court in *Kachinski.*