536 A.2d 870

Roadway Express, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Lewis), Respondents.

Submitted on briefs November 17, 1987, to President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Richard L. Bush,* for petitioner.

*John E. V. Pieski,* for respondent.

OPINION BY SENIOR JUDGE BARBIERI, February 3, 1988:

This is a petition for review, filed by Roadway Express, Inc. (Employer) from an order of the Workmen's Compensation Appeal Board (Board) denying Employer's petition for modification of benefits from total disability to partial disability. We affirm the order of the Board.

John J. Lewis (Claimant) suffered a work related back injury on December 16, 1977, when he was struck by a crane while unloading freight. He attempted to return to work on May 5, 1978, and again injured himself while loading sixty pound rugs onto a truck. Pursuant to a notice of compensation payable, he has been receiving compensation for total disability in the amount of $213.00 per week since June 1, 1978. Compensation was suspended by supplemental agreement from October 1980 to April 1981 while Claimant was employed as a mail clerk in a CETA program. Claimant remains continuously under a physician's care and at times wears a back brace. Claimant was finally cleared to return to work with restrictions on October 18, 1982. On May 18, 1983, following examination by its own physician, Employer filed its petition for modification asserting that its vocational counselor had produced

referrals for available work within Claimant's medical capabilities. In analyzing this case we are guided by the standards recently set forth by our Supreme Court in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), *Farkaly v. Workmen's Compensation Appeal Board (Baltimore Life Insurance Company)*, 516 Pa. 256, 532 A.2d 382 (1987).

An employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability has the burden of producing a referral to an open job which fits in the occupational category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc. *Kachinski* at 252, 532 A.2d at 380. Employer's physician testified that based on his examination of Claimant, he believed Claimant could perform light to medium work involving lifting up to fifty pounds. Employer's vocational counselor testified that from the period April 15, 1982, to September 6, 1983, she had submitted nine referrals to Claimant or his counsel, none of which Claimant had followed up on. Employer's physician stated that all of these referrals were within Claimant's capabilities.

Claimant's treating physician directly contradicted this testimony. He stated that Claimant was still suffering from chronic somatic dysfunction of the lumbosacral spine along with a herniated disk and his condition had not improved at all since the last injury. Claimant's condition continued to be aggravated by a right leg Claimant had broken as a child which had healed two inches shorter than his left leg. Claimant's treating physician was of the opinion that Claimant was fit only for sedentary work with no lifting above five pounds.

Following Employer's vocational counselor's testimony on September 6, 1983, Claimant immediately made application at every referral given. He applied for jobs

as a desk clerk, parking attendant, store clerk, cashier, bank teller and guard. All of these jobs paid minimum wage with the exception of one that paid $3.60 per hour. One job had been filled, another firm had closed. In every other case Claimant was told that a person with his disabilities could not physically do the work. The board denied Employer's petition, finding there was no evidence that any of the various employers were informed by Employer's vocational counselor of Claimant's physical limitations and the employers were not willing to hire an individual with Claimant's physical limitations.

Employer asserts that the Board's conclusion that it failed to meet its burden under *Kachinski* of providing job referrals for which Claimant had been medically cleared is unsupported by substantial evidence. It is up to the referee to determine whether the claimant can perform the job in question. *Kachinski* at 251, 532 A.2d at 379. The referee chose not to accept the testimony of Employer's physician that Claimant was medically cleared for these positions, finding Claimant's physician more credible. Medical evidence which rebuts the employer's evidence of a change in condition, or indicates the unacceptability of the offered employment, can be the basis for a determination that claimant had a valid reason for refusing a job offer. *Kachinski* at 252, 532 A.2d at 380.

In the present case there were no job offers to be had because Claimant was physically unsuited to the job. Claimant was sent job referrals for light to medium work based on the recommendation of Employer's physician when his own treating physician had cleared him for sedentary work. When Claimant did follow up on Employer's job referrals the result was a wild goose chase. Claimant has no good faith obligation to pursue

job referrals for which he is not medically or occupationally qualified. *Kachinski* at 252, 532 A.2d at 380.

We note that a claimant who chooses not to follow up employer's job referrals may be on dangerous ground. Employer's threshold burden is to show he referred the claimant to a job within the category for which claimant received medical clearance. *Farkaly* at 259, 532 A.2d at 383. Employer's use of its own physician, instead of claimant's treating physician, to provide this clearance presents the claimant with an opportunity to offer rebuttal medical testimony as a defense. Once employer meets its test, the claimant has the opportunity to show either:

> 1. good faith efforts to follow through on employer's job referrals; *Kachinski* at 252, 532 A.2d at 380; or
>
> 2. if claimant chooses not to pursue employer's job referrals, medical evidence which rebuts employer's evidence of a change in condition, or indicates the unacceptability of the offered employment. *Kachinski* at 252, 532 A.2d at 380.

It is then within the referee's province as fact finder to assess these duties and restrictions and determine if claimant could perform the job(s) referred. *Farkaly* at 259, 532 A.2d at 383. If rebuttal medical testimony is offered by claimant, the referee must first make a finding that claimant is medically and physically able to perform the job. Once the referee makes this finding, he must then turn his attention to claimant's good faith efforts to follow through on the job referral(s). If the referee finds that claimant failed to follow up on referrals for which he was medically and occupationally qualified, his benefits may be modified. Since in the present case the referee found in resolving the conflicting testimony that Claimant was physically unable to perform the proffered jobs, there is no need to address

Claimant's good faith efforts to follow up on the referrals. The order of the Board will be affirmed.

ORDER

Now, February 3, 1988, the order of the Workmen's Compensation Appeal Board at No. A-89417, dated March 18, 1986, is hereby affirmed.