628 A.2d 488

**SAUNDERS HOUSE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD**
**(Dorothy RUSSELL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 5, 1993.

Decided June 29, 1993.

506

Maureen Cleary, for petitioner.

Alfred M. Abel, for respondent.

Before DOYLE and KELLEY, JJ., and BLATT, Senior Judge.

KELLEY, Judge.

Saunders House Nursing Home (employer) appeals the order of the Workmen's Compensation Appeal Board (board) which affirmed in part and reversed in part the decision of the referee to grant employer's petition for modification of compensation benefits paid to Dorothy Russell (claimant). We reverse.

Claimant sustained a sprain to her back as the result of a work-related incident on October 6, 1983. Claimant began receiving benefits at the rate of $153.00 per week based on an average weekly wage of $193.29 per week. On or about September 3, 1987, employer filed a petition for modification based on claimant's refusal to accept medically approved, available sedentary employment.

At a hearing before the referee, employer presented the April 8, 1988 deposition testimony of Dr. Lawrence K. Spitz. Dr. Spitz testified that he examined the claimant on April 29,

1987, and reported no objective findings to support claimant's complaints of pain. Dr. Spitz further testified that claimant had no residuals from her work injuries, but due to claimant's subjective complaints of pain, Dr. Spitz recommended that claimant return to full-time sedentary employment.

Employer also offered the testimony of Rosalyn Clark, a certified rehabilitation counselor, who located ten employment opportunities for claimant on behalf of employer. Three employment opportunities were available after Dr. Spitz's April 8, 1988 deposition, and were therefore medically approved by Dr. Spitz. Claimant admitted that she did not apply for any of the employment opportunities.

The referee accepted as credible the testimony of Dr. Spitz and Ms. Clark, and rejected the testimony of claimant's medical experts, Dr. Viola and Dr. Wynne. By order dated October 4, 1990, the referee granted employer's modification petition as of August 10, 1987, and reduced claimant's benefits to $75.53 per week based on one of the jobs referred to claimant. The referee also ordered employer to pay claimant's litigation costs in the amount of $2,445.55.

Employer appealed the litigation cost award to the board, while claimant appealed the referee's decision with respect to the modification of benefits. By order dated November 26, 1991, the board reversed the referee's decision on the modification. The board held that there was no evidence in the record that the medical clearance to return to sedentary employment had been communicated to claimant. Therefore, relying on our Supreme Court's decision in *Kachinski v. Workmens' Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), the board concluded that employer did not meet its burden of demonstrating that employment was available to the claimant within her physical restrictions. The board next concluded that its reversal of the referee's grant of the modification petition rendered moot employer's appeal regarding the award of litigation costs. Thus, the board affirmed the assessment of claimant's costs to employer. Employer appeals.

On appeal, employer raises two questions for our review: (1) whether the employer properly communicated to the claimant that she was medically cleared to return to sedentary employment made available by the employer; and (2) whether the referee committed an error of law by assessing claimant's litigation costs to the employer when employer's modification petition was granted.

Initially, we note that our scope of review is limited to determining whether there is substantial evidence in the record to support the referee's findings of fact, whether an error of law has been committed, or whether constitutional rights have been violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

In *Kachinski*, the Supreme Court established the following four-step analysis in evaluating modification petitions:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

In applying the second prong of *Kachinski*, we have held that where a doctor has approved a category of jobs suitable for the claimant, the employer must produce evidence that the claimant was cognizant of her medical clearance. *Lukens, Inc. v. Workmen's Compensation Appeal Board (Williams)*, 130 Pa.Commonwealth Ct. 479, 568 A.2d 981 (1989). Here, the board determined that there was no evidence in the record that employer had communicated to claimant that she had

been medically cleared to return to sedentary employment. Employer argues on appeal that claimant was, in fact, informed of Dr. Spitz's medical clearance because her attorney attended Dr. Spitz's April 8, 1988 deposition where he testified to the matter. Employer maintains that from this date forward, claimant was properly placed on notice of her medical clearance such that her refusal to seek three subsequent job opportunities constituted a failure to meet the requirements of *Kachinski.*

In support of its position, employer directs our attention to our Supreme Court's decision in *Farkaly v. Workmen's Compensation Appeal Board (Baltimore Life Insurance Co.)*, 516 Pa. 256, 532 A.2d 382 (1987). In *Farkaly*, the court held that in a modification proceeding, employer fulfilled its burden of referring claimant to available work by making sedentary positions known to claimant's attorney. Employer argues that the notice provision set forth in *Farkaly* may be applied to the present case where information regarding claimant's medical clearance was similarly made known to her attorney. We agree.

The relevant issue in *Farkaly* was whether the employer had adequately communicated the availability of suitable employment such that claimant's benefits could be modified. The court concluded that notice to the claimant's attorney of available job opportunities was sufficient notice to claimant of same. In the present case, the issue before us is not notice of job availability, but notice of medical clearance. However, we will apply the same reasoning to the present case.

■ Claimant's attorney attended the April 8, 1988 deposition of Dr. Spitz where the doctor testified that based on his examination of claimant and his review of claimant's medical records and diagnostic studies, it was Dr. Spitz's opinion that claimant could return to sedentary employment as of April 29, 1987. We agree that this testimony, in the presence of claimant's counsel, constitutes constructive notice of the medical clearance to claimant. Applying the notice principles set forth in *Farkaly*, we conclude that claimant was placed on

notice of medical clearance as of April 8, 1988. Employer therefore satisfied its burden under the second prong of *Kachinski.*

■ Three job opportunities became available, and were communicated to claimant after April 8, 1988. Because claimant had notice of the medical clearance, her refusal to respond in good faith to these referrals constitutes grounds for the grant of the modification petition. *Kachinski.* Therefore, we conclude that the modification petition was properly supported by substantial evidence and granted by the referee. The board erred in reversing the modification.

■ Finally, we address the issue of whether the referee properly awarded litigation costs to claimant when employer's petition for modification was initially granted at that level. The board considered this issue moot after reversing the referee's decision because claimant was deemed the successful party at that point.

Section 440 of The Pennsylvania Workmen's Compensation Act[1] provides for an award of reasonable costs when a contested case involving a modification petition is resolved, in whole or part, in favor of the claimant. Here, the case has been resolved in favor of the employer, not the claimant; therefore no such costs shall be awarded to claimant who did not prevail before the referee or on appeal to this court.

Accordingly, the order of the board is reversed.

### ORDER

NOW, this 29th day of June, 1993, the order of the Workmen's Compensation Appeal Board, dated November 26, 1991, at No. A90–2303, is reversed.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 996.