Linda SAKELL, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (RIDGAWAY PHILIPS HEALTH CARE CENTER), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 9, 1994.
Decided Dec. 15, 1994.

George A. Berg, for petitioner.

Thomas A. Capehart, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.[1]

Linda Sakell (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's decision to grant Ridgaway Philips Health Care Center's (Employer) petition for modification because claimant had failed to respond in good faith to two positions that were available to her and which were within her vocational and physical capabilities. Claimant does not dispute that she failed to respond in good faith, nor that the jobs were within her vocational and physical capabilities.

Claimant argues that Employer failed to prove that it had informed prospective employers of Claimant's physical limitations and had, therefore, failed to show the jobs were available to her. The Employer replies that it had referred Claimant to jobs within the category for which Claimant had received medical clearance which was all that the law required.

In August 1989, Claimant, a licensed practical nurse, suffered a work-related soft tissue injury of the neck (cervical strain) while employed by Ridgaway Philips. She was paid total disability benefits until August, 1990, when she returned to work on light duty and received partial disability benefits until September, 1990, when her total disability recurred. In May, 1992, Employer filed its petition to modify alleging Claimant was able to return to work at available jobs. Employer presented the testimony of Dr. Lawrence J. Goren, an industrial medicine specialist, who treated Claimant from January, 1990 through March, 1992. In May, 1991, Dr. Goren evaluated Claimant and concluded she could sit, stand and walk three hours in an eight hour day; on an occasional basis, lift up to thirty pounds; use her arms and feet without restriction; and bend, squat, crawl, climb and reach above shoulder level on an occasional basis.

Dr. Goren received specific job analyses from Mary Farris, a vocational rehabilitation counselor, and he approved all nine positions, including referrals to Holiday Inn and Chemlawn, as falling within Claimant's physical capabilities and approved those jobs as suitable for Claimant. The available position at the Holiday Inn was for a front desk clerk to make reservations, assign rooms and issue room keys, answer telephones and customer inquiries. Applicants were required to apply in person, but Claimant just forwarded her resume.

The position at Chemlawn was for a telesalesperson and was also approved by Dr. Goren. This was a part-time position and consisted of telemarketing lawn service plans to potential customers and related duties. Claimant did not apply for this position, because she said "I'm not really interested in selling chemicals to anyone, or being involved in anything that would be along those lines." (15a.)

Claimant does not dispute that she was, therefore, referred to jobs that she was able to do and that she had failed to respond in good faith to those two positions. Rather, she contends that Employer failed to prove an essential element of a prima facie case, because the vocational counselor did not testify that she had informed prospective employers of Claimant's physical limitations and, hence, failed to prove the jobs were available. Claimant did not raise this issue before the referee, but in her appeal to the Board. The Board found that the vocational counselor gave this information to prospec-

---

1. This case was reassigned to the author on October 20, 1994.

tive employers. However, a review of the record shows that Ms. Farris conducted an on-site job analysis of each position referred to Claimant and prepared a written job description which she sent to Dr. Goren, but she did not testify that she had informed prospective employers of the Claimant's physical limitations.

In *Farkaly v. Workmen's Compensation Appeal Board (Baltimore Life Insurance Co.)*, 516 Pa. 256, 259, 532 A.2d 382, 383 (1987), the Supreme Court said, "[h]owever, in our decision in *Kachinski* we held that the threshold burden of an employer is to show that he referred the claimant to a job within the category for which the claimant received medical clearance." On this issue the Supreme Court in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 252, 532 A.2d 374, 380 (1987) stated "2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc."

Judge Barbieri further elaborated on the *Kachinski* guidelines in *Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Lewis)*, 113 Pa.Commonwealth Ct. 230, 234, 536 A.2d 870, 872 (1988):

We note that a claimant who chooses not to follow up employer's job referrals may be on dangerous ground. Employer's threshold burden is to show he referred the claimant to a job within the category for which claimant received medical clearance.... Employer's use of its own physician, instead of claimant's treating physician, to provide this clearance presents the claimant with an opportunity to offer rebuttal medical testimony as a defense. Once employer meets its test, the claimant has the opportunity to show either:

1. good faith efforts to follow through on employer's job referrals; ... or

2. if claimant chooses not to pursue employer's job referrals, medical evidence which rebuts employer's evidence of a change in condition, or indicates the unacceptability of the offered employment....

It is then within the referee's province as fact finder to assess these duties and restrictions and determine if claimant could perform the job(s) referred. (Citations omitted.)

The Supreme Court of Pennsylvania has not held that, in order to present a prima facie case on a petition to modify benefits, the employer must present evidence not only that he referred the claimant to a job within the category for which he had received medical clearance, but also had informed the prospective employer of the claimant's physical limitations.

In support of her position, the Claimant relies on *Young v. Workmen's Compensation Appeal Board (Weis Markets, Inc.)*, 113 Pa.Commonwealth Ct. 533, 537 A.2d 393, *petition for allowance of appeal denied*, 520 Pa. 622, 554 A.2d 513 (1988), where the claimant was a forty-six year old Methadone addict, who had suffered through seven major back operations, could not walk without a foot brace and cane and had not worked in seven years, referred to a job as a hall monitor in a high school and to a job as a night security guard to foot patrol a two acre truckyard. *Young* relies on pre-*Kachinski* case law, and has been limited by this Court to its facts. *See Garnett v. Workmen's Compensation Appeal Board (Equitable Gas Co.)*, 158 Pa.Commonwealth Ct. 100, 631 A.2d 705, *petition for allowance of appeal denied*, 537 Pa. 613, 641 A.2d 312 (1993). Claimant also cites *Baumgart v. Workmen's Compensation Appeal Board (Pullman Standard)*, 112 Pa.Commonwealth Ct. 71, 541 A.2d 804 (1987), where the vocational counselor referred the claimant to the wrong prospective employer, and is not authority for the claim that the employer must inform the prospective employer of the claimant's physical limitations and prove that the prospective employer would accept the claimant's job application.

■ However, in reliance upon *Young*, this Court in *Brown v. Workmen's Compensation Appeal Board (Cooper Jarrett, Inc.)*, 150 Pa.Commonwealth Ct. 614, 616 A.2d 121 (1992), *petition for allowance of appeal denied*, 533 Pa. 637, 621 A.2d 582 (1993), held that the vocational counselor had failed to

inform prospective employers of claimant's inability to sit without his leg extended, inability to work in bad weather, and inability to work without his leg's swelling and his experiencing back problems, and found in accordance with *Young* that the jobs were not actually available. Recently in *Oscar Mayer Foods Corp. v. Workmen's Compensation Appeal Board (McAllister)*, —— Pa.Commonwealth Ct. ——, 648 A.2d 116 (1994), this Court, in reliance upon *Young* and *Brown*, held it was not necessary for the prospective employer to be informed of the precise nature of a claimant's disability, but the physical restrictions placed upon him by the work-related injury must be divulged to the prospective employer.[2]

■ Unlike *Young* and its progeny, there are no facts in this case which suggest that Claimant's physical limitations as set forth by her own treating physician might reasonably cause a prospective employer to refuse to consider Claimant's application for employment for positions that her treating physician had certified to be within her physical capabilities. Claimant does not argue that they were beyond her capabilities. She simply did not want to solicit chemical lawn treatments by telephone, and mailed her resume to Holiday Inn, although she knew she had to apply in person to be considered for the job.

Under the circumstances of this case, to insist that Employer must prove that a ritualistic recital of all of Claimant's work related limitations had been made to each prospective employer in order to make out a prima facie case is to indulge in the hypertechnical analysis condemned in *Kachinski*, particularly where it is evident that the Claimant had failed to follow through in good faith on the job referrals.

It is enough that the employer produce medical evidence describing the plaintiff's capabilities, and vocational evidence classifying the job, e.g., whether it is light work, sedentary work, etc., along with a basic description of the job in question. From such evidence it will be up to the referee to determine whether the claimant can perform the job in question.

*Kachinski*, 516 Pa. at 251, 532 A.2d at 379.

Clearly, Employer here has met the *Kachinski* guidelines, and the Claimant has not.

### ORDER

NOW, December 15, 1994, the order of the Workmen's Compensation Appeal Board, dated March 29, 1994, at A93–2047, is affirmed.

FRIEDMAN, Judge, dissenting.

Because I believe that Ridgaway Philips Health Care Center (Employer) did not satisfy its burden under the standards set forth in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), I must dissent.

Recently, we considered the *Kachinski* standard in *Oscar Mayer Foods Corp. v. Workmen's Compensation Appeal Board (McAllister)*, —— Pa.Commonwealth Ct. ——, ——, 648 A.2d 116, 118 (1994), stating:

Under *Kachinski*, an employer who seeks to modify a claimant's benefits on the basis that the claimant has recovered some or all of his ability must produce medical evidence of a change in condition.[1] The employer must then produce evidence of referrals to then open jobs which fit the occupational category for which claimant has been cleared. The burden then shifts to the claimant to prove that he has acted in good faith in following up on those referrals.

We then discussed an employer's burden under this standard, determining that to satisfy

---

2. However, if a claimant divulges information to a prospective employer about non-work-related physical restrictions, he acts in bad faith, and the petition to modify will be granted. *Munroe v. Workmen's Compensation Appeal Board (H & G Distributing Co.)*, 151 Pa.Commonwealth Ct. 465, 617 A.2d 88 (1992), *petition for allowance of appeal denied*, 536 Pa. 634, 637 A.2d 294 (1993).

1. In all cases where an employer seeks to modify benefits, this court has held that where job availability is the basis for seeking a decrease in benefits, an employer need not prove a change in the claimant's medical condition. *Lukens, Inc. v. Workmen's Compensation Appeal Board (Williams)*, 130 Pa.Commonwealth Ct. 479, 568 A.2d 981 (1989), *appeal denied*, 527 Pa. 656, 593 A.2d 426 (1990).

this burden, an employer must prove that the jobs to which it referred a claimant were actually available to the claimant by informing the prospective employer of: (1) the category of work which the claimant has been cleared to perform, e.g., light-duty, sedentary work; and, (2) the physical restrictions placed upon Claimant's abilities. *Id.* It is not necessary for the prospective employer to be informed of the precise nature of a claimant's disability, but the physical restrictions placed upon him by the work-related injury must be divulged to the prospective employer. *Id.*

The Workmen's Compensation Appeal Board (Board) states that Mary Farris, a vocational rehabilitation counselor, testified that she gave the required information to all prospective employers concerning Linda Sakell's (Claimant) physical limitations.[2] However, the Board does not indicate where this testimony appears; rather, it supports that statement by citing to the entire deposition testimony of Ms. Farris. Additionally, Employer claims that the testimony of Ms. Farris *implicitly* reveals that she informed the prospective employers of Claimant's restrictions in reviewing the physical requirements of each respective job and cites to various portions of the record to support this claim.

My thorough reading of the record, and in particular the entire deposition testimony of Ms. Farris, does not support these assertions. As such, I cannot agree that there is substantial evidence on record to support the Board's conclusion that Employer met its initial burden under *Kachinski.* Employer failed to specifically set forth such information and elicit such testimony, and I cannot infer that such information was given by Ms. Farris.

There is no doubt that Claimant did not act in good faith in following up on the Holiday Inn and ChemLawn prospective employment opportunities, and I do not condone Claimant's behavior. However, the requirements of *Kachinski,* mandating that an employer provide prospective employers with such relevant information as to a claimant's

physical limitations, in my view, precludes this court from affirming the Board's order.

I believe that the Board's order should be reversed.

---

**2.** The Board specifically stated that such information was given to all prospective *employees;* however, based on the context of that portion of the Board's opinion, the Board clearly meant *employers.*