**PROTECTION TECHNOLOGY, INC., Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (Lynn DENGLER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 21, 1995.

Decided Sept. 27, 1995.

Patricia S. Duffy, for petitioner.

Robert F. Kuhn, for respondent.

Before DOYLE and NEWMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Protection Technology, Inc. (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that reversed, in part, and affirmed, in part, the decision by a worker's compensation judge (WCJ). We affirm.

Lynn Dengler (Claimant), a security officer for Employer, suffered a work-related injury on March 31, 1989. A notice of compensation payable was issued providing for total disability benefits for Claimant's back injury. On April 30, 1990, Employer filed a suspension petition, alleging that as of October 5, 1989, Claimant had recovered to the extent that she could return to her pre-injury job without loss of earnings. Employer also filed a petition to review the frequency, reasonableness and necessity of Claimant's physical therapy treatments.

At hearings before the WCJ, Employer presented the testimony of Gail Gola, Employer's training coordinator, Kathryn Martys, a vocational counselor, and the deposition testimony of Jonathan Bromberg, M.D. Claimant testified in her own behalf and presented the deposition testimony of Amelia L.A. Tabuena, M.D. Based on the evidence presented, the WCJ made the following pertinent findings of fact:

3. ... [Claimant's] duties required her in an eight hour day to walk up to three hours, stand two and a half hours, sit four to six hours, open and close security doors weighing up to 25,000 pounds and occasionally climb ladders.

. . . .

7. Ms. Gola testified that the air lock doors that Claimant is required to open and close on her job can be opened by one person using two hands.

8. The Judge accepts Ms. Gola's testimony as credible.

9. Defendant presented medical testimony from Dr. Jonathan Bromberg, a board certified orthopedic surgeon who examined Claimant on October 5, 1989 and reviewed medical records.

. . . .

13. Dr. Bromberg opined that Claimant was physically capable of returning to her regular work duties without restrictions and that she had no need for further physical therapy treatment.

14. Claimant presented testimony from Dr. Amelia Tabuena, a physiatrist who first saw Claimant on April 19, 1989.

15. Dr. Tabuena testified that as of October, 1989, Claimant had received significant relief of her symptoms from physical therapy but a functional capacity evaluation showed that Claimant's capacities were still below the demands of her pre-injury job.

. . . .

17. Dr. Tabuena further testified that she last saw Claimant on May 14, 1990, after the work hardening program, and Claimant's symptoms were improved 85% and her work capacities were increased 45% to 50%.

18. Dr. Tabuena performed a repeat physical capacity evaluation which showed Claimant could sit, stand and walk six hours in an eight hour day, and could occasionally climb ladders and bend.

19. Dr. Tabuena opined that Claimant's capacities as of May 24, 1990 were still below the demands of her pre-injury position.

. . . .

24. Upon review of the medical testimony, the Judge accepts the testimony of Dr. Tabuena as credible and persuasive that as of October, 1989, Claimant was unable to return to her regular work duties. The Judge rejects the contrary testimony of Dr. Bromberg but accepts as credible all other testimony of Dr. Bromberg.

25. The Judge further credits the testimony of Dr. Tabuena that as of May 24, 1990, Claimant was much improved and was not in need of further physical therapy treatment.

26. The Judge finds that Claimant's work capacities as of May 24, 1990, as stated by Dr. Tabuena, were within the requirements of Claimant's pre-injury job.

27. The Judge finds that Claimant was able to return to her pre-injury job without restriction as of May 24, 1990.

28. To the extent that Claimant testified to an inability to return to her former job as of May 24, 1990, Claimant's testimony is rejected as not credible.

(WCJ's Decision, pp. 3–4.) Thus, the WCJ granted Employer's petitions, concluding that Claimant was capable of returning to her pre-injury job based on Claimant's work capabilities as testified to by Dr. Tabuena and the description of the job duties, and that Claimant had no further need of physical therapy treatments.

The Board affirmed the grant of Employer's petition for review, determining that substantial evidence supported the WCJ's finding that Claimant's condition no longer required the physical therapy treatments. However, the Board reversed the grant by the WCJ of Employer's suspension petition, explaining that there was no medical proof that as of May 24, 1990, Claimant could perform her pre-injury job. Specifically, the Board noted that although the WCJ credited some of Dr. Bromberg's testimony, the WCJ rejected the testimony wherein Dr. Bromberg stated that Claimant was capable of returning to her pre-injury job as of October 5, 1989. The Board further noted that Dr. Bromberg never saw Claimant after that date and could, therefore, not provide evidence as to Claimant's capabilities as of May 24, 1990.

The Board then explained that the only medical testimony concerning Claimant's ability to perform her pre-injury job as of May 24, 1990, was provided by Dr. Tabuena, who opined that Claimant could not meet the demands of her pre-injury job. Thus, the Board reasoned that no medical testimony supported the grant of the suspension, and that "the WCJ exceeded his authority in finding indirectly that which Dr. Tabuena specifically and directly stated claimant could not perform and which she would not medically approve as of that date, i.e. perform her pre-injury job without restriction." (Board's Decision, p. 4.)

On appeal,[1] Employer argues that the WCJ properly exercised his fact-finding function and based his decision on the evidence that Claimant's physical capabilities as provided by Dr. Tabuena matched the description of Claimant's pre-injury job as testified to by Claimant and Employer's training coordinator, not on Dr. Tabuena's opinion that Claimant could not perform her pre-injury job.

The following language as stated by the Court in *Iacono v. Workman's Compensation Appeal Board (Chester Housing Authority)*, 155 Pa.Commonwealth Ct. 234, 244, 624 A.2d 814, 819 (1993), *aff'd*, 536 Pa. 535, 640 A.2d 408 (1994), permits the fact finder to make such credibility determinations:

As factfinder, only the referee has the power to determine which testimony to believe and which to disbelieve; he may accept or reject, in whole or in part, the testimony of any witness. *Hess Brothers v. Workmen's Compensation Appeal Board (Gornick)*, 128 Pa.Commonwealth Ct. 240, 563 A.2d 236 (1989). The referee need not accept expert medical testimony, even where that testimony is uncontradicted. *Transue v. Falk's Food Basket of Philadelphia*, 27 Pa.Commonwealth Ct. 156, 365 A.2d 894 (1976). Here, *the referee*

1. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988). Substantial evidence is that quantum of relevant evidence which a reasonable mind would deem adequate to support a conclusion. *Czap v. Workmen's Compensation Appeal Board (Gunton Corp.)*, 137 Pa.Commonwealth Ct. 612, 587 A.2d 49, *appeal denied*, 527 Pa. 654, 593 A.2d 425 (1991).

simply did not believe Dr. Shatouhy's medical conclusions. Because it is the function of the referee to determine the credibility and weight to be given the testimony of medical experts, we may not disturb this determination. Transue. (Emphasis added.)

In the case before us, the WCJ accepted Dr. Tabuena's testimony concerning Claimant's capabilities, but rejected the doctor's conclusion that Claimant could not return to work. Further, the WCJ credited both Claimant's and Employer's witness' descriptions as to the job requirements and concluded that these duties were commensurate with Claimant's abilities.

 However, the inquiry does not end here. Findings of fact as to Claimant's capabilities and the job requirements must be supported by substantial evidence. *Russell.* Moreover, the quantum of this relevant evidence must then support the WCJ's conclusion that Claimant could return to her pre-injury job. *Iacono.* Although we recognize that, contrary to Claimant's and the Board's contention, there is no requirement that this evidence include medical testimony, *Id.*, the WCJ's findings must still be supported by substantial evidence. We conclude that they are not.

Our review concerning this issue centered on the testimony given by Claimant, Ms. Gola and Dr. Tabuena. The WCJ's Finding of Fact No. 3, which sets out Claimant's job duties, is supported by the testimony of Claimant and Ms. Gola. However, substantial evidence to support Finding of Fact No. 26 is lacking. Dr. Tabuena testified that, as of May, 1990, Claimant could perform the following: sit for six hours during a total eight hour workday, walk up to six hours out of eight, lift with two hands up to eighteen pounds, carry objects up to thirteen pounds, push and pull objects in the range of eighteen to twenty pounds, kneel and bend occasionally and frequently, climb stairs, occasionally climb ladders, and do a range of other arm and leg motions on an occasional basis. However, the doctor indicated that Claimant could stand, sit and walk for portions of an hour, but could not perform these activities continuously for the amount of time that may be required in an eight hour day. Moreover, Ms. Gola testified that depending on the circumstances there might not be any breaks during the required standing, sitting or walking periods.

There is also a lack of evidence specifying whether Claimant could open or close the security and air lock doors. Although Dr. Tabuena stated that Claimant could manually push up to a maximum of twenty pounds, no evidence was provided illustrating the pushing or pulling needed to manipulate the doors. Ms. Gola's statement that she could open and close the doors does not provide proof that Claimant could likewise perform this activity.

Having determined that the WCJ's critical finding of fact is not supported by substantial evidence and, thus, cannot support his conclusions, we affirm that portion of the Board's order dismissing Employer's suspension petition. We also affirm the portion of the Board's order granting Employer's petition for review.

### ORDER

NOW, September 27, 1995, the order of the Workmen's Compensation Appeal Board, at No. A93–2727, dated February 16, 1995, is affirmed.

DOYLE, Judge, dissenting.

I respectfully dissent on the basis of the Supreme Court's decision in *Farkaly v. Workmen's Compensation Appeal Board (Baltimore Life Insurance Co.)*, 516 Pa. 256, 532 A.2d 382 (1987).

The critical finding of the Workers' Compensation Judge (WCJ) was that he accepted "as credible all other testimony of Dr. Bromberg" except that the Claimant could return to her regular work duties *as of October 1989*. On the basis of that finding the WCJ could very well also find as fact, which he did, that as of May 24, 1990, a date later than October 1989, Claimant was able to return to her pre-injury job without restriction.

Dr. Bromberg's testimony, which the referee credited, was that on the day of his examination, October 5, 1989, Claimant "was

physically capable of returning to her regular work duties with restrictions and that she had no need for further physical therapy treatment," (Finding of Fact No. 13), which is, in my view, substantial evidence to support a finding that Claimant could return to her pre-injury position seven months later when even her own doctor testified that Claimant was 85% improved.

It is within the referee's province as fact finder to assess the physical requirements of the job and a claimant's physical restrictions to determine if a claimant can perform the job requirements. *Farkaly.* "Expert testimony linking the job duties and medical restrictions is not required...." *Id.* at 260, 532 A.2d at 383 (quoting *Farkaly v. Workmen's Compensation Appeal Board (Baltimore Life Insurance Co.),* 91 Pa.Commonwealth Ct. 571, 576, 498 A.2d 34, 36 (1985) (Doyle, J., dissenting)).