Duryea Borough Authority, Petitioner *v.* Dorothy McLaughlin et al., Respondents.

Argued April 4, 1983, before Judges ROGERS, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*William Degillio,* for petitioner.

*J. Earl Langan,* for respondents.

OPINION BY JUDGE ROGERS, May 31, 1983:

The Duryea Borough Sewer Authority has appealed from a judgment entered against it in the Court of Common Pleas of Luzerne County in its suit in assumpsit to recover sewer charges from the defendants property owners. The case was submitted to the trial judge as a case stated.

The facts submitted were:

1. The plaintiff is DURYEA BOROUGH SEWER AUTHORITY, a Municipal Corporation duly organized and existing pursuant to the Municipal Authorities Act of 1945; 53 P.S. Sec. 301, et seq.

2. The defendants are:

[Here are given the names of the fourteen defendants and the addresses of their eight properties.]

3. That the premises of the above named defendants are located within the Borough of Duryea, County of Luzerne and State of Pennsylvania.

4. That the above named defendants are connected to a sewer line situate in a public street

in the Borough of Duryea, and discharge sewage into same which sewer line empties into the collection system of the City of Pittston and then to the Wyoming Valley Sanitary Authority Treatment Plant.

5. That the sewer line to which the defendants are connected was in existence prior to the formation of the Duryea Borough Sewer Authority and prior to its resolution dated June 18, 1974, establishing rates of users within the jurisdiction of the Duryea Borough Sewer Authority.

6. That no new sewer lines were constructed for the use of the defendants by the Duryea Borough Sewer Authority.

7. The Borough of Duryea created the Duryea Borough Sewer Authority and a Certificate of Incorporation was issued to the Authority on April 15, 1969, . . . . The purpose of the Authority was to construct new sanitary sewers, rehabilitate existing sanitary sewers and construct storm sewers within the Borough of Duryea. Thereafter the Duryea Borough Sewer Authority did construct new sanitary sewers, rehabilitate existing sanitary sewers, and construct storm sewers within the Borough of Duryea, and did provide for financing of the project.

8. On June 18, 1974, the Authority adopted a Resolution fixing sewer rentals and charges for the use of the Authority's sewage collection facilities. The rate Resolutioon assessed each dwelling the sum of $10.25 quarterly. A copy of the rate Resolution is attached hereto . . . .

9. The rate Resolution was passed, pursuant to the Municipal Authorities Act of 1945, as amended, 53 P.S. Sec. 306 B, and assessed a

user charge and a hook-up charge under Section 306 B Sub-Section (h) and Sub-Section (t).

10. The plaintiff did not use the benefit method under B Sub-Section (r) or the front foot method B Sub-Section (s).

11. That the plaintiff filed Complaints in Assumpsit against the above named defendants for sewer services rendered from the date of the Resolution on June 18, 1974. The defendants refused to pay same claiming that since no new sanitary line was constructed to serve the defendants, a user charge cannot be imposed by the plaintiffs.

The rate resolution which was the basis for the charges sought to be recovered is pertinently as follows:

### DURYEA BOROUGH SEWER AUTHORITY
#### Luzerne County, Pennsylvania
#### RESOLUTION
#### Adopted June 18, 1974

WHEREAS, the Duryea Borough Sewer Authority (the "Authority") *has undertaken to construct a system of collection sewers, intercepting sewers and related facilities (collectively, the "Sewerage Facilities")* to serve, and to be located in, portions of the Borough of Duryea (the "Borough"), Luzerne County, Pennsylvania; and

WHEREAS, the Authority has obtained a Bond Anticipation Loan commitment from First Valley Bank which, together with certain federal grants, will enable the Authority to proceed with construction of the Sewerage Facilities; and

WHEREAS, the Authority desires to establish and impose a schedule of service charges or sewer rents applicable to *properties or users*

*utilizing the Sewerage Facilities* to produce revenues to secure payment of the Authority's obligations to the First Valley Bank;

NOW, THEREFORE, BE IT RESOLVED, by the Duryea Borough Sewer Authority, Luzerne County, Pennsylvania, that:

*Section 1*: There is hereby adopted the following Schedule of Sewer Rents to be imposed upon the owners and upon the users of each property *served by (whether by direct connection or through the intervening utilization of other sewer lines and facilities) the Sewerage Facilities* for the use thereof. (Emphasis supplied.)

The question submitted to the Court was:

Whether or not the plaintiff may assess and collect sewer user charges against these defendants where a sewer existed prior to the Resolution and no new sewer was constructed subsequent thereto.

The Court of Common Pleas determined that the Authority could not on the facts submitted recover charges from the defendants and entered judgment for the defendants. We affirm the judgment.

As appears by the portions of the resolution reproduced, it imposes charges upon the owners of properties served by the Sewerage Facilities. The term Sewerage Facilities is defined as a system of collection sewers and related facilities "undertak[en] to [be] construct[ed]" by the Authority in portions of Duryea Borough and the purpose of the charges is described as that of producing "revenues to secure payment" of a bank loan taken to enable the Authority to construct the Sewerage Facilities. The facts submitted as the case stated are that the sewer line which serves the defendants' properties was in existence before the rate resolution was adopted, that it empties directly into the City of Pittston collection system, and

that no new sewer lines were constructed by the Authority for the use of the defendants. The charge is imposed by the resolution only upon properties served by the Sewerage Facilities, defined as sewers constructed by the Authority; and none of the lines constructed by the Authority were for the use, that is service, of the defendants' properties directly or indirectly. Hence, the resolution imposed no charges upon the defendants' properties.

We have decided this case on its agreed facts and the resolution. It is appropriate to add that the powers of municipal authorities include that of making and collecting rates and other charges at reasonable and uniform rates in the area served by its facilities for the purpose of paying their expenses and for the construction and maintenance and operation of their facilities. Section 4 B(h) of the Municipality Authority Act, Act of May 2, 1945, P.L. 382, *as amended*, 53 P.S. §306 B(h). This record does not reveal who constructed the defendants' sewer line, who may now be said to own it, or whether the Authority has any responsibility legally for its repair, maintenance, and operation. If in fact the Authority has such responsibility, the defendants could be subject under a proper charging resolution to reasonable and uniform rates.

Judgment affirmed.

### ORDER

AND Now, this 31st day of May, 1983, the judgment of the Court of Common Pleas of Luzerne County in the above-captioned matter is affirmed.