586 A.2d 1008

**Litzer SIANO, Deceased by Dorothy SIANO, Widow, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (DILEO'S RESTAURANT, INC. and Rockwood Insurance Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 21, 1990.

Decided Feb. 5, 1991.

488

Joseph J. Carlin, Philadelphia, for petitioner.

Ronald F. Bove, Swartz, Campbell & Detweiler, Philadelphia, for respondents.

Before COLINS and KELLEY, JJ., and BLATT, Senior Judge.

COLINS, Judge.

Dorothy Siano (claimant) appeals an order of the Workmen's Compensation Appeal Board (Board), affirming the referee's dismissal of Siano's fatal claim petition for com-

pensation filed on behalf of her deceased husband Litzer Siano. We affirm.

Claimant originally filed a fatal claim petition for compensation on October 17, 1985, concerning the death of her husband, who was doing carpentry work at Dileo's Restaurant on October 19, 1982. At some time during that day, while in the restaurant, he collapsed and was taken to the hospital. Hence, claimant filed a petition for compensation based on the death of her husband.

The record indicates that there were seven hearings scheduled and six continuances granted in this matter. However, the only testimony that was taken was on September 21, 1987 when claimant testified. Furthermore, on September 21, 1987, the day of the fifth continuance, the referee specifically warned claimant that, if she did not proceed with further evidence at the next listing of her case, it would be dismissed. On April 14, 1988, a hearing was scheduled and no testimony was taken. Therefore, a sixth continuance was granted, and the case was rescheduled for July 14, 1988. On July 14, 1988, a statement of record was made, and the case was closed.

Claimant raises two issues in this appeal: (1) she asserts that the referee erred when he denied her July 14, 1988 request for a continuance; and (2) she argues that the referee erred when he ruled that a statement made by the aunt of the owner of the restaurant was inadmissible.

■ Our scope of review is to determine whether the findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether claimant's constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Joseph Horne Co. v. Workmen's Compensation Appeal Board,* 15 Pa.Commonwealth Ct. 419, 327 A.2d 395 (1974).

■ We will not reach the merits of claimant's first issue pertaining to the denial of the continuance, because claimant failed to raise this issue in the proceedings before the Board. According to Pa.R.A.P. 1551, except in limited

circumstances, not present in this case, issues not raised in front of a quasi-judicial body, such as the Board, cannot be raised for the first time on appeal. *See also Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 127 Pa.Commonwealth Ct. 587, 595, 562 A.2d 437, 440 (1989). Therefore, claimant has waived this issue for purposes of her appeal.

■ To prevail in a workmen's compensation case, an employee must prove that an employment relationship existed during which an accident or injury occurred in the course of employment and that such accident or injury was related to employment. Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1).

■ Our review of the record indicates that claimant failed to prove that an employment relationship existed between her husband and Dileo's Restaurant. Decedent was performing carpentry work at the restaurant on the day he died. Claimant testified, however, that decedent had only worked at the restaurant for a total of 6 days (p. 14 of the Reproduced Record) and that he was retired and collected Social Security as well (p. 15 of the Reproduced Record). Furthermore, claimant failed to introduce any testimony related to the nature of decedent's duties at the restaurant (finding of fact No. 3). Based on this evidence, we find that the Board's conclusion that claimant failed to carry her burden of proving an employment relationship is supported by substantial evidence.[1]

1. In the case of *Lynch v. Workmen's Compensation Appeal Board (Connellsville Area School District)*, 123 Pa.Commonwealth Ct. 299, 554 A.2d 159 (1989), *petition for allowance of appeal denied*, 525 Pa. 629, 578 A.2d 416 (1990), this Court articulated several factors which should be considered to determine whether a worker is an employee or an independent contractor. Included among these factors are: (1) the employer's control over the manner in which the work is performed; and (2) the skill of the employee. The decedent in this case was a carpenter, a skilled worker. Therefore, the restaurant owner, who is not in the business of carpentry, only had a limited amount of control over the decedent's performance. Hence, application of the factors from the *Lynch* case indicates that the decedent was, in fact, an independent contractor and not an employee.

■ Claimant argues that statements made by the aunt of the owner of the restaurant who accompanied decedent to the hospital are relevant to the circumstances of decedent's death. She asserts that these statements are a part of the *"res gestae"* [2] at the emergency room of the hospital. Furthermore, she argues that the referee excluded them without explanation. However, claimant, in the proceedings before the referee and the Board, failed to make an offer of proof,[3] of these statements. Hence, we, as an appellate court, have no way to evaluate the relevancy of the evidence and the merits of the referee's decision to exclude.

We recognize that the Board is not bound by the common law or statutory rules of evidence in conducting its hearings, as stated in The Pennsylvania Workmen's Compensation Act, Section 422. However, this statute has not been interpreted to mean that the rules of evidence can be completely disregarded. *Sledge v. Workmen's Compensation Appeal Board (Temple University)*, 78 Pa.Commonwealth Ct. 380, 467 A.2d 913 (1983).

In the proceedings below, claimant attempted to testify to what the restaurant owner's aunt said while at the hospital. She testified:

BY MR. CARLIN:

Q: Was there anybody from DiLeo's Restaurant at the hospital when you arrived?

A: The owner's aunt. She came up and introduced herself as the owner's aunt.

SIANO—DIRECT:

Q: Mr. DiLeo's aunt?

A: Yes.

---

**2.** We note that while the parties, in their briefs, have referred to the instant exception to the hearsay rule as being a *res gestae* declaration, the statement should more properly be referred to as an "excited utterance." *See Commonwealth v. Pronkoskie*, 477 Pa. 132, 383 A.2d 858 (1978); *Commonwealth v. Blackwell*, 343 Pa.Superior Ct. 201, 494 A.2d 426 (1985); *Commonwealth v. McIntosh*, 258 Pa.Superior Ct. 101, 392 A.2d 704 (1978).

**3.** 8 Standard Pennsylvania Practice 2d, § 49:39 (1982).

Q: Did she indicate to you what she was doing at the hospital?

A: She said she came with him.

Q: From?

A: From the restaurant.

Q: Did she tell you what happened at the restaurant?

A: She told me—

MR BOVE: Just 'yes' or 'no.' That a 'yes' or 'no' question.

THE WITNESS: Yes.

BY MR. CARLIN:

Q: And what did you say?

MR. BOVE: Objection.

REFEREE KLEVIT: Sustained.

The Pennsylvania Supreme Court in the case of *Allen v. Mack*, 345 Pa. 407, 410, 28 A.2d 783, 784–85 (1942), as cited in Packel and Poulin, Pennsylvania Evidence at 562, defined a *res gestae*, excited utterance. The Supreme Court wrote:

> A *res gestae* declaration may be defined as a spontaneous declaration by a person whose mind has been suddenly made subject to an over-powering emotion caused by some unexpected and shocking occurrence, which that person has just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties.[4]

This definition contains certain foundational elements which must be introduced in order to admit an excited utterance into evidence as an exception to the hearsay rule. The first element is the requirement of an exciting event.[5] In this case, the exciting event is decedent's collapse in the restaurant.

4. Packel and Poulin, § 803.2 at 562.

5. *Id.* at 564.

The second element of the excited utterance is the requirement that the declarant have participated in or closely witnessed the exciting event.[6] Claimant has failed to introduce evidence to fulfill this foundational element. There is no testimony in the record to indicate whether the owner's aunt actually witnessed the decedent's collapse or whether she just accompanied the decedent to the hospital. Therefore, we cannot tell whether the aunt's testimony would be related to the circumstances of how the decedent died, or whether this testimony would be related to how she found him after his collapse.

■ Finally, the excited utterance must be made "so near the occurrence both in time and in place" as to exclude the likelihood of fabrication. *Allen*, 345 Pa. at 410, 28 A.2d at 784–85. In the present case, the aunt's statement is too remote in time and place from the exciting occurrence of the accident in the restaurant. The aunt's statements were made to claimant in the hospital after claimant had been notified by her son, who was notified of the accident by employees of the restaurant. Because claimant in this case failed to lay a proper foundation in order to introduce the aunt's statement as an excited utterance, the aunt's statements are pure hearsay. Therefore, they are inadmissible.[7]

■ In workmen's compensation cases, the referee has the authority to weigh the credibility of the evidence and the power to accept or reject testimony of witnesses, in whole or in part, based on its credibility. *Sledge*, 78 Pa. Commonwealth Ct. at 382, 467 A.2d at 915. The referee properly rejected claimant's testimony of the aunt's statements at the hospital. Because claimant failed to lay the proper foundation for admitting the aunt's statements as

6. *Id.* at 565.

7. Claimant also argues that the aunt's statements are declarations against interest. However, the declarant's unavailability must be proven for this exception to apply. 8 Standard Pennsylvania Practice 2d, Section 49:24. There is no evidence of record indicating that the aunt was unavailable. Furthermore, because claimant has failed to prove an employment/employee relationship, there is no proof that the aunt even had an interest in this case.

494

excited utterances, these statements were rendered unreliable and incredible. Hence, it was within the power of the referee to reject them and sustain opposing counsel's objection to them.

In summation, there is no evidence of record to entitle claimant to benefits under the Act. Claimant failed to prove that an employment relationship existed between decedent and his employer and failed to show that decedent's injury was job-related. If the attorney wished to produce such evidence, he had three years to gather it together and he simply did not do so.

Therefore, we affirm the Board's order.

## ORDER

AND NOW, this 5th day of February, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.