643 A.2d 739

**Giuseppe ERMOCEDIA, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PINCUS BROTHERS–MAXWELL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 18, 1994.

Decided June 2, 1994.

Reargument Denied July 22, 1994.

James J. De Marco, for petitioner.

Lori A. Mills, for respondent.

Before DOYLE and NEWMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Giuseppe Ermocedia (Claimant) petitions for review of an opinion and order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the referee. The referee suspended Claimant's workmen's compensation benefits on the basis of a Petition for Modification/Suspension filed by Pincus Brothers–Maxwell (Employer) pursuant to The Pennsylvania Workmen's Compensation Act (Act) [1].

On October 24, 1984, Claimant injured his back while working as a tailor lifting bundles of clothes. Pursuant to a Notice of Compensation Payable, Claimant received workmen's compensation benefits. On December 9, 1987, Employer filed a petition to modify Claimant's compensation on the basis that he had recovered sufficiently to enable him to perform light duty work which was available to him. The referee determined that Claimant had failed to apply for an available position which was referred to him after a change in his condition. As a result thereof, the referee granted Employer's Petition for Modification/Suspension.

[1]. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

Claimant appeals to this court from the Board's affirmance of the referee's decision.[2] Three issues are presented for our consideration. First, Claimant questions whether substantial evidence exists to support the finding that he was properly informed of the job referral. Second, Claimant asserts that the testimony of Dr. Williams regarding his medical condition was equivocal. Finally, Claimant questions whether the job referral was within his physical limitations.

■ As to the first issue, we first note that we will not disturb the prior determination of the Board if it is based upon substantial evidence. *Robert W. Borschell Painting v. Workmen's Compensation Appeal Board (DeMuro)*, 154 Pa.Commonwealth Ct. 157, 623 A.2d 394 (1993), *appeal denied*, 535 Pa. 677, 636 A.2d 636 (1993). Substantial evidence is defined as such relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Wittco Fashions v. Workmen's Compensation Appeal Board (O'Neil)*, 118 Pa.Commonwealth Ct. 126, 544 A.2d 559 (1988).

■ From the record, it is apparent that substantial evidence exists to support the determination of a proper job referral. Employer presented the testimony of H. Robert Stackhouse, a certified rehabilitation counselor. Mr. Stackhouse testified that he located an inspector position with Employer which was available to Claimant on a full-time or part-time basis. Mr. Stackhouse further testified that he advised Claimant's counsel of the available position and was informed by counsel that he should not contact Claimant directly as it was office procedure to deny access to their clients by rehabilitation personnel.

The testimony of record indicates that Mr. Stackhouse contacted Claimant's counsel on several occasions regarding the available position and gave a job description of the position

2. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed and whether all necessary findings are supported by substantial evidence. *Bugay v. Workmen's Compensation Appeal Board (Mellon Bank, N.A.)*, 156 Pa.Commonwealth Ct. 565, 628 A.2d 519 (1993).

to Kathleen Kennedy.[3]  R.R. at 8a, 16a–19a.  On September 2, 1987, Mr. Stackhouse sent a letter to Ms. Kennedy regarding the available inspector position.  R.R. at 16a.  Several additional calls were then made by Mr. Stackhouse to Ms. Kennedy.  R.R. at 19a.

An additional letter was sent to counsel on October 20, 1987.  R.R. at 19a.  The letter confirmed a September 25, 1987 conversation in which Ms. Kennedy was apprised of the available position, outlined repeated attempts to contact counsel without success, and informed counsel of the job duties and Claimant's physical restrictions.  R.R. at 20a.  Mr. Stackhouse also left messages for Claimant's counsel on November 30, December 2, and December 4, 1987.  R.R. at 21a.  Further, another letter was sent to Claimant's counsel on November 2, 1988 which advised of the continued availability of the inspector position.  R.R. at 23a–25a.  All responses went unanswered and Claimant never applied for the available position.

The Supreme Court of this Commonwealth has established that notice to claimant's counsel constitutes notice to a claimant.  *Farkaly v. Workmen's Compensation Appeal Board (Baltimore Life Insurance Co.)*, 516 Pa. 256, 532 A.2d 382 (1987).  *See also Saunders House v. Workmen's Compensation Appeal Board (Russell)*, 156 Pa.Commonwealth Ct. 505, 628 A.2d 488 (1993).  It is clear from the record that notice of the available position was proper.

■ As to the second issue presented for our review, we note that the issue was not previously raised by Claimant before the Board.  Thus, the issue is waived and will not be addressed for the first time on appeal to this court.  *Delaware Valley Fish Company v. Workmen's Compensation Appeal Board (Woolford)*, 151 Pa.Commonwealth Ct. 387, 617 A.2d 48 (1992); *Siano v. Workmen's Compensation Appeal Board*

---

**3.** Claimant argues that Kathleen Kennedy never officially entered her appearance on his behalf.  However, the record indicates Mr. DeMarco advised Mr. Stackhouse that Ms. Kennedy was handling the case and both attorneys were at the same office address.  R.R. at 18a, 26a, 32a 36a.

*(Dileo's Restaurant, Inc.)*, 137 Pa.Commonwealth Ct. 487, 586 A.2d 1008 (1991).

■ We now turn to addressing the third issue presented for our review. In support of its Petition, Employer presented the testimony of John Williams, M.D. Dr. Williams diagnosed Claimant as having a condition of acute lumbar sprain and strain, superimposed upon pre-existing degenerative disc disease. Dr. Williams opined that Claimant could return to work with certain restrictions. He reviewed the job description for the light duty inspector position available with the Employer and testified that Claimant was able to perform the duties of that position. Parvis Kambin, M.D., who testified on behalf of Claimant, found that Claimant was capable of performing the inspector position on a part-time basis and found Claimant capable of work consistent with the restrictions determined by Dr. Williams.

From our review of all pertinent testimony, we find the referee's determination that the inspector position was within Claimant's physical limitations was substantially supported by the evidence of record. Thus, under the guidelines of the Supreme Court's decision in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), Employer met its burden of demonstrating that employment was available to Claimant within his physical restrictions.

Accordingly, on the basis of the foregoing, the order of the Board is affirmed.

## ORDER

AND NOW, this 2nd day of June, 1994, the order of the Workmen's Compensation Appeal Board is affirmed.