639 A.2d 866

**Brenda S. RYAN, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (PORT ERIE PLASTICS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 22, 1993.

Decided March 9, 1994.

412

John R. Wingerter, for petitioner.

Richard E. Bordonaro, for respondent.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Brenda S. Ryan (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which reversed the referee's order denying Port Erie Plastics, Inc.'s (Employer) petition to terminate, suspend or modify Claimant's compensation benefits and which directed Employer to pay Claimant penalties and attorney's fees.

Claimant was receiving total disability benefits pursuant to a notice of compensation payable dated December 27, 1988 for a work related injury she sustained on November 30, 1988. By letter dated July 5, 1989, Claimant's treating physician, Dr. Marc A. Flitter, released Claimant for work as of July 10, 1989, on a "no duty" basis. (R.R. 369). In accordance with Dr. Flitter's release, Employer made available to Claimant a "no duty position" at wages equal to her pre-injury wage and requested that Claimant report for said position on July 10, 1989. Claimant reported for work on July 10, 1989 and after approximately one (1) hour went home complaining of neck pain. Claimant did not return to work for Employer. Thereafter, on November 22, 1990, Claimant found suitable available work with another employer.

On July 21, 1989, Employer had filed a petition to terminate, suspend or modify (modification petition) Claimant's benefits as of July 10, 1989 alleging that on that date Claimant "was able to return to gainful employment." (R.R. 1). Employer suspended payment of Claimant's compensation benefits on August 9, 1989 pursuant to the automatic supersedeas provision of Section 413(c) of the Pennsylvania Workmen's Compensation Act (Act).[1] Claimant filed a timely answer

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 774.2. Section 413(c) provides:

asserting that Employer's modification petition was filed in bad faith; she requested counsel fees.

The referee made the following relevant findings of fact based on the testimony presented at the hearing:

a. The Claimant was not fully recovered as of any material time;

b. The Claimant had not recovered sufficiently to perform either her regular job or limited duty work as of July 10, 1989;

c. The Defendant employer made a "no work position" available starting July 10, 1989, pursuant to which the Claimant was to report to the workplace and simply put in time sitting or standing at a designated spot, doing no work whatsoever, for which the employer would pay her average weekly wage figure to her;

d. The Claimant reported to the workplace as directed on July 10, 1989, but after one (1) hour her neck pain and headaches were so severe that she spoke to her supervisor and then left, never to return;

e. The Defendant employer has been willing to make the same "no work position" available to the Claimant at all material times;

f. The Claimant found suitable available work with a different employer in a clerical type job beginning February 22, 1990, and has worked there since that date with no loss of earnings; and

g. The Defendant filed the subject Petition after they knew that the Claimant had not in fact returned to work but had simply been on the premises for one (1) hour, and did not even phrase their Petition as a 413(c) Petition, and yet have withheld the Claimant's weekly disability benefits since August 9, 1989.

(R.R. 411–412).

> Notwithstanding any provision of this act, an employer may suspend the compensation during the time the employe has returned to work at his prior or increased earnings if the employer files a petition to terminate or modify a notice of compensation payable or compensation agreement or award within fifteen days of the return to work.

After issuing findings of fact, the referee made the following relevant conclusions of law:

> 3. Even if the Claimant's pain were lessened and she were able to tolerate the "no work position" made available by the employer, your Referee would not suspend benefits on the basis of her refusal to report to such a position because a "no work position" is not a good faith offer of suitable and available work.

> . . . . .

> 6. The Defendants have violated the Act by unilaterally suspending the Claimant's disability benefits. It is inconceivable to your Referee how anyone could interpret Section 413(c) to mean that Defendants can cut off workers' benefits by getting them onto the employer's premises for one (1) hour and then quickly filing a Petition with Harrisburg. Inasmuch as (sic) the Claimant's benefits have been withheld since August of 1989, your Referee further concludes that the delay in payment occasioned by this violation has been excessive and unreasonable and that penalties equalling twenty percent (20%) of the benefits wrongfully withheld should be assessed.

(R.R. 413).

Accordingly, the referee denied Employer's modification petition and ordered Employer to pay Claimant benefits for the period of August 9, 1989 through February 22, 1990. As the referee concluded that Employer's unilateral suspension of Claimant's benefits during this period was improper, he ordered Employer to pay penalties. The referee also ordered Employer to pay Claimant's attorney's fees. The referee suspended Claimant's benefits as of February 23, 1990.

On appeal, the Board reversed the referee's decision in its entirety, holding that the referee erred in denying Employer's modification petition. Specifically, the Board determined that the referee erred in concluding that the "no work position"

offered by Employer was not an offer made in good faith of suitable and available work.[2]

■ On appeal to this Court,[3] Claimant argues that the Board erroneously determined that Employer met its burden on the modification petition. Claimant asserts that the no duty position offered by Employer was not an offer of suitable available work made in good faith and that therefore the referee's determination was correct. Additionally, Claimant argues that Employer was not entitled to an automatic supersedeas pursuant to Section 413(c). Claimant requests, therefore, that the referee's decision be reinstated.

■ In *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), our Supreme Court set forth the following test regarding an employer's burden where an employee has returned to the workplace following a work related injury:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

*Kachinski*, 516 Pa. at 252, 532 A.2d at 380. An employer is not required to produce medical evidence of a change in

2. The Board also determined that Employer was entitled to suspend Claimant's compensation benefits pursuant to Section 413(c) of the Act and that the referee's award of attorney's fees was improper.

3. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed and whether all necessary findings are supported by substantial evidence. *King v. Workmen's Compensation Appeal Board (Wendell H. Stone Company)*, 132 Pa.Commonwealth Ct. 292, 572 A.2d 845 (1990).

condition when the modification petition is premised not on a change in physical condition, but on the fact that the employer made a medically approved position available to the claimant. *Lukens, Inc. v. Workmen's Compensation Appeal Board (Williams)*, 130 Pa.Commonwealth Ct. 479, 568 A.2d 981 (1989). An employer's burden is not to show a change in condition, but to establish that job offers were within a claimant's physical capabilities and then available. *Bennett v. Workmen's Compensation Appeal Board (McCreary Tire)*, 150 Pa.Commonwealth Ct. 525, 616 A.2d 75 (1992).

In *Bennett*, this Court held that a work position offered to the claimant by a third party, which the employer agreed to finance, was suitable and available work for purposes of the Act. Over Claimant's argument that the offered position was a "sham" position created to avoid paying compensation, this Court stated the following:

> While we acknowledge that the financing arrangement is irregular, we cannot conclude that the position was not "available" within the meaning of *Kachinski* and its progeny.

*Bennett*, 150 Pa.Commonwealth Ct. at 530, 616 A.2d at 78 (1992).

Similarly, here, although the "no work position" offered by Employer was irregular, we cannot conclude that said position was not "available" within the meaning of the *Kachinski*. Moreover, the position was made available by Employer in response to Claimant's physician's release. Accordingly, we hold that it was not error for the Board to conclude that the referee improperly denied Employer's modification petition.[4]

Based upon the foregoing, we will affirm the Board's order.

4. Although Claimant also argues on appeal that the Board erred in holding that Employer was entitled to an automatic supersedeas pursuant to Section 413(c) of the Act and that attorney's fees were properly imposed by the referee, because we have determined herein that the Board correctly reversed the referee's decision denying Employer's modification petition, we need not address either of these issues.

## *ORDER*

AND NOW, this 9th day of March, 1994, the order of the Workmen's Compensation Appeal Board dated June 8, 1993 is affirmed.

SMITH, J., dissents.