H.M. STAUFFER & SONS, INC.
and Liberty Mutual Insurance
Company, Petitioners,

v.

WORKMEN'S COMPENSATION
APPEAL BOARD (DAVIS),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 6, 1996.
Decided Dec. 11, 1996.
Reargument Denied Feb. 12, 1997.

John L. Senft, Lancaster, for petitioners.

Virginia M. Dias, Harrisburg, for respondent.

Before DOYLE and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

H.M. Stauffer & Sons, Inc. (Employer) and Liberty Mutual Insurance Company (collectively, Appellants) appeal an order of the Workmen's Compensation Appeal Board (Board) reversing an order of a Workers'

Compensation Judge (WCJ) modifying the benefits of Eddie Davis (Claimant).

The salient facts, as found by the WCJ, are as follows. On March 12, 1991, Claimant incurred a work-related back injury while in the course of his employment with Employer. Thereafter, pursuant to a notice of compensation payable, Claimant received total disability benefits of $293.77 per week.

On April 1, 1992, Dr. Daniel C. Good, Claimant's treating physician, examined Claimant and, concluding that he was capable of performing a light-duty position, approved Claimant for sedentary work with a lifting restriction of twenty pounds. Dr. Good reexamined Claimant on May 13, 1992, at which time he increased Claimant's lifting restriction to fifty pounds.

By letter dated May 22, 1992, Employer offered a light-duty, courier/housekeeper job to Claimant. The letter provided in pertinent part:

> A position has become available [with Employer] in the General Services Department. We are in need of a Courier/Housekeeper. A detailed job description is enclosed. According to Dr. Good, you have been released to a light-duty position.... We feel that the Courier/Housekeeper position fits your restrictions. Therefore, we are offering you this position and would like you to start work on Monday, June 8, 1992 at 7:00 a.m.

(Reproduced Record (R.R.) at 208a.)

Employer sent a second letter to Claimant dated June 3, 1992 which stated in pertinent part:

> Today I received a copy of a letter from Lancaster Neurosurgical Associates—Dr. Good, ... stating that you were seen on May 26 again because of continuing problems. In this letter, Dr. Good states you are still released back to work with the work restrictions he gave you on April 15th. Let me remind you that the job offer as housekeeper/courier is based on those April 15th restrictions. Therefore,

we are still expecting you to show for work at 7 a.m. Monday, June 8th.

(R.R. at 203a.)

Although Claimant received both letters from Employer, he failed to report for work on June 8, 1992. Dr. Good then examined Claimant on June 9, 1992 at which time he specifically withdrew medical clearance for the light-duty, courier/housekeeper job and, based solely upon Claimant's subjective complaints of pain, Dr. Good recommended a work hardening program.

On August 19, 1992, Appellants filed a petition to suspend Claimant's benefits as of June 8, 1992 alleging that as of that date, Claimant was capable of returning to a light-duty position with Employer which Claimant rejected without good cause.

Following a hearing, the WCJ concluded that Employer sustained its burden under the suspension petition and, by order dated October 17, 1994, suspended Claimant's benefits effective June 8, 1992. Thereafter, the WCJ amended his decision to reflect a modification, rather than a suspension. Under the amended decision, Claimant's compensation was modified to a weekly rate of $93.77. In all other respects the WCJ affirmed his original decision.

Claimant appealed the WCJ's amended decision to the Board arguing, *inter alia*, that at the time Employer offered the light-duty position to Claimant, the position had not received medical clearance and, therefore, the position was not "available" to Claimant. The Board agreed and reversed the WCJ's order insofar as it modified Claimant's benefits. The instant appeal followed.

In *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 252, 532 A.2d 374, 380 (1987), our Supreme Court prescribed the following procedure governing an employer's burden in a modification petition:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then

open job (or jobs), which fit into the occupational category for which the claimant has been given medical clearance, *e.g.,* light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job, then the claimant's benefits should continue.

■ If the modification petition is predicated upon an employer's assertion that it offered a medically approved position available to the claimant, then the employer is not required to produce medical evidence of a change in condition. Rather, the employer need only establish that the proposed alternative work for the claimant is within his or her physical capabilities and "actually available," *i.e.,* the proffered job receives medical clearance and the claimant is advised of that clearance while the job is still open. *Ryan v. Workmen's Compensation Appeal Board (Port Erie Plastics, Inc.),* 162 Pa.Cmwlth. 411, 639 A.2d 866 (1994); *York Terrace/Beverly Enterprises v. Workmen's Compensation Appeal Board (Lucas),* 140 Pa. Cmwlth.75, 591 A.2d 762 (1991).

■ To establish a job is "actually available," an employer need only produce medical evidence describing the claimant's capabilities, vocational evidence classifying the type of job and a basic job description. *Kachinski.* "It [is] within the [WCJ's] province as fact finder to assess these duties and restrictions and determine if Claimant could perform the jobs. Expert testimony linking the job duties and medical restrictions is not required." *Farkaly v. Workmen's Compensation Appeal Board (Baltimore Life Insurance Co.),* 516 Pa. 256, 260, 532 A.2d 382, 383 (1987) (quoting *Farkaly,* 91 Pa.Cmwlth. 571, 498 A.2d 34, 36 (1985) (Doyle J., dissenting)) (emphasis deleted).

■ In the instant case, the WCJ concluded that the courier/housekeeper job was "available" to Claimant and that Claimant rejected that job without cause. Although we agree that the job was "available" to Claimant on June 8, 1992, we further conclude that Claimant did not act in bad faith in

failing to appear for work at that time and, therefore, we affirm the Board's decision.

First, the WCJ found as a fact that on June 8, 1992, the date on which the courier/housekeeper job became available to Claimant, that job was within Claimant's physical capabilities. This finding is supported by Dr. Good's testimony which the WCJ accepted as credible. Dr. Good testified that he released Claimant to light-duty work with a lifting restriction of twenty pounds on April 1, 1992 and subsequently, upon reexamination, increased Claimant's lifting restriction to fifty pounds on May 13, 1992.

Second, the WCJ found that Claimant was specifically notified by two separate letters sent by Employer that the courier/housekeeper job was open and within Claimant's physical capabilities. Contrary to the Board's assertion, it is not relevant that Dr. Good did not specifically review the available courier/housekeeper job description with Claimant prior to June 8, 1992. Rather, it was sufficient that Employer notified Claimant that the proffered job had received medical clearance while the job was still open. Accordingly, the WCJ's finding that the proffered job was "actually available" to Claimant on June 8, 1992 was supported by substantial evidence.

■ However, under *Kachinski,* the burden then shifted to Claimant to establish that he acted in good faith with respect to the proffered job. It is at this point that we find the WCJ's analysis flawed. Specifically, by letter dated June 3, 1992, Claimant notified Appellants that after he was approved for light-duty work, he had certain diagnostic tests which could not be reviewed by Dr. Good prior to June 8, 1992 because Dr. Good was out-of-town until the following day, June 9, 1992. Accordingly, Claimant requested that the proffered job stay open until June 9, 1992 so that Dr. Good could, in light of these tests, determine whether the proffered job was within Claimant's physical capabilities. On June 9, 1992, Claimant did meet with Dr. Good who, after reviewing the light-duty position, opined that Claimant could not perform the proffered position without prior work hardening. That is, Dr. Good specifi-

cally informed Claimant that the light-duty position was not within his physical capabilities, *i.e.,* not available, as of June 9, 1992.

Accordingly, Claimant did not act in bad faith by refusing to report for the proffered work. Under *Kachinski,* therefore, Claimant's benefits must continue.

Appellants alternatively argue that even if the record does not support the WCJ's finding of job availability on June 9, 1992, the matter should be remanded to the WCJ to determine whether Claimant's benefits should have been modified as of November 18, 1992 based on the testimony of Dr. Kruper.

At the hearing before the WCJ, Dr. John Kruper testified that he examined Claimant on November 18, 1992 and found no objective findings on physical examination of Claimant's neck, upper extremity or low back problems. Based on Claimant's subjective complaints, however, Dr. Kruper restricted Claimant to medium duty work lifting up to 35 pounds. Dr. Kruper also stated that as of the November 18, 1992, Claimant could have performed the light-duty courier/housekeeping job proffered by Employer.

However, the record is devoid of any evidence that the courier/housekeeping job was still open on November 18, 1992. *See York Terrace* (explaining that the job referral must be open to the claimant at the time the job receives medical clearance). Accordingly, a remand is not warranted in this case. We therefore affirm the Board's order for the reasons above explained.[1]

Order of the Board affirmed.

### ORDER

NOW, December 11, 1996, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

1. It is well-established that a reviewing court may affirm an order if the order is correct for any reason, regardless of the reasons given by the tribunal whose order is under review. *Department of Public Welfare v. Dauphin County,* 90 Pa.Cmwlth. 295, 495 A.2d 214 (1985).