**Marcy KULA, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WEIMAN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 6, 1998.

Decided April 15, 1998.

David C. Harrison, Philadelphia, for petitioner.

Elizabeth B. May, Philadelphia, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

Marcy Kula (Claimant) appeals from an order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of the

---

workers' compensation judge (WCJ) to grant Herbert R. Weiman, Esquire's (Employer) petition for modification or suspension of Claimant's workers' compensation benefits. We reverse.

On September 25, 1990, Claimant sustained an injury described as "right carpal tunnel syndrome" while in the course of her employment as a secretary for Employer. (WCJ's Findings of Fact, No. 1.) Pursuant to a notice of compensation payable, Claimant received weekly total disability benefits of $209.50 based upon an average weekly wage of $300.00. (WCJ's Findings of Fact, No. 1.)

In November 1992, Delaware Valley Rehabilitation Services, a job placement firm hired by Employer to perform job development services, contacted Claimant regarding vocational opportunities for sedentary work. Carolyn E. Rutherford (Rutherford) and Terence Walsh (Walsh), rehabilitation consultants for Delaware Valley Rehabilitation Services, subsequently notified Claimant of twelve job opportunities.[1] (WCJ's Findings of Fact, No. 6(k).) Of the job positions referred to Claimant, only a second referral to a telephone interviewer position at R.S.V.P. is at issue in this case.[2]

On November 1, 1993, Employer filed a petition for modification or suspension of workers' compensation benefits, alleging that, as of December 18, 1992, Claimant failed to follow through in good faith on the job referrals. (WCJ's Findings of Fact, No. 2.) Claimant filed a timely answer denying the allegations in Employer's petition, and at a hearing before the WCJ, Employer and Claimant submitted depositions in support of their positions.[3]

After reviewing the evidence, the WCJ granted Employer's petition. Based on her determination that Claimant failed to pursue both the second referral position at R.S.V.P. and a customer service representative position at Lif–Tex in good faith, the WCJ suspended Claimant's benefits effective March 18, 1993.[4] Claimant appealed to the WCAB which affirmed, but modified, the WCJ's order suspending Claimant's benefits. The WCAB determined that, although the record contains substantial evidence to support a conclusion that Claimant failed to pursue the position at R.S.V.P. in good faith, the record did not contain substantial evidence to sup-

---

1. Rutherford conducted the initial vocational evaluation of Claimant and notified Claimant of four job opportunities. After Rutherford left the employment of Delaware Valley Rehabilitation Services, Walsh received Claimant's vocational file for the purpose of assisting her to find employment and subsequently notified Claimant of eight job opportunities.

2. Rutherford first notified Claimant of a telephone interviewer position at R.S.V.P. by regular and certified mail on December 18, 1992; the WCJ determined that the job was available to Claimant on December 18, 1992. (WCJ's Findings of Fact, No. 6(m).) Claimant applied and interviewed for this position but was not offered the job. On April 13, 1993, Walsh notified Claimant of another opening at R.S.V.P. for a telephone interviewer position; the WCJ found that the position was available to Claimant on April 13, 1993. (WCJ's Findings of Fact, No. 6(m).) Claimant never applied for this position and never contacted R.S.V.P. about this position. (WCJ's Findings of Fact, No. 6(n).)

3. On January 24, 1994, Claimant filed a claim petition for workers' compensation benefits, alleging that, in June of 1991, she sustained an injury in the form of left carpal tunnel syndrome

and repetitive stress syndrome in the course and scope of her employment with Employer. Employer filed a timely answer denying Claimant's allegations. (WCJ's Findings of Fact, No. 3.) On November 14, 1994, Employer filed a petition to review compensation benefits, alleging that the notice of compensation payable should be withdrawn because Claimant did not sustain a work-related injury on September 25, 1990. (WCJ's Findings of Fact, No. 4.) On November 15, 1994, Employer filed a petition for termination of benefits, alleging that, as of November 1, 1994, Claimant had fully recovered from her September 25, 1990 work injury. (WCJ's Findings of Fact, No. 5.) Claimant filed timely answers denying the material allegations in Employer's petitions. The claim petition, petition to review compensation benefits and petition for termination of benefits were consolidated for review with Employer's petition for modification or suspension of benefits. The WCJ granted only Employer's petition to modify or suspend benefits and dismissed the three other petitions. These three petitions are not presently at issue before this court.

4. The WCJ found that the position at Lif–Tex was available to Claimant as of March 18, 1993, at a salary of $360.00 per week. (WCJ's Findings of Fact, No. 17.)

port the WCJ's determination that Claimant failed to pursue the position at Lif–Tex in good faith.[5] Claimant appeals the WCAB's order to this court.[6]

The Supreme Court of Pennsylvania, in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), set forth the following procedure to govern the modification of benefits when an injured employee is able to return to work:

> 1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.
>
> 2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc.
>
> 3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).
>
> 4. If the referral fails to result in a job then claimant's benefits should continue.

*Id.* at 252, 532 A.2d at 380.

To meet the second prong of *Kachinski*,[7] an employer must establish various components of a job referral to show that the job was actually available to the claimant. Initially, *Kachinski* requires an employer to show that it referred the claimant to a job within the category for which the claimant received medical clearance. *Young v. Workmen's Compensation Appeal Bd. (Weiss Markets, Inc.)*, 113 Pa.Cmwlth. 533, 537 A.2d 393, *appeal denied*, 520 Pa. 622, 554 A.2d 513 (1988). Here, John S. Taras, M.D. approved the referred position at R.S.V.P. as being within Claimant's physical capabilities; further, the WCJ found that the position at R.S.V.P. fell within Claimant's physical capabilities as determined by Dr. Taras, Michael Mandarino, M.D. and Richard Kaplan, M.D. (WCJ's Findings of Fact, Nos. 6(f), (1).)[8]

However, in addition to showing that an alternative position is within a claimant's physical capabilities, *Kachinski* also requires an employer to prove that the claimant was advised of the job while it was still open. *H.M. Stauffer & Sons, Inc. v. Workmen's Compensation Appeal Bd. (Davis)*, 687 A.2d 869 (Pa.Cmwlth.1996). Here, Claimant asserts that the WCJ and WCAB erred in suspending Claimant's benefits because the WCJ *made no finding* that the second job

---

5. The WCAB modified the date of Claimant's suspension of benefits from March 18, 1993 to April 13, 1993, the date that the second position at R.S.V.P. was referred to Claimant.

6. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. *Brown v. Workmen's Compensation Appeal Bd. (Cooper Jarrett, Inc.)*, 150 Pa.Cmwlth. 614, 616 A.2d 121 (1992), *appeal denied*, 533 Pa. 637, 621 A.2d 582 (1993).

7. There is no dispute in this case that Employer has satisfied the first prong of *Kachinski* by producing medical evidence of a change in Claimant's condition. The WCJ found that the testimony of Michael Mandarino, M.D., John S. Taras, M.D. and Richard Kaplan, M.D. established that Claimant was able to return to work in a modified position as of November 22, 1991. (WCJ's Findings of Fact, No. 15.)

8. At her deposition, Claimant testified that she did not think that she could physically perform the telephone interviewer position at R.S.V.P.

because it involved repetitive phone calling. (R.R. at 17a–19a.) The WCJ, however, rejected Claimant's testimony in its entirety, (WCJ's Findings of Fact, No. 11), and found that the position at R.S.V.P. was within Claimant's physical capabilities. Claimant now argues to this court that, because her physical "condition could have deteriorated" in the four months between December 18, 1992, when she was first notified of the position at R.S.V.P., and April 13, 1993, when she was again notified of the position at R.S.V.P., medical clearance for the second R.S.V.P. position was needed but that there is no indication that she was given medical clearance for the second referral. However, Claimant's argument must fail. Because Claimant failed to show that her condition deteriorated, the WCJ properly found that the April 13, 1993 R.S.V.P. position was within Claimant's physical capabilities. (WCJ's Findings of Fact, No. 6(m).) We note that " '[i]t [is] within the [WCJ's] province as fact finder to assess ... and determine if Claimant could perform the jobs.' " *H.M. Stauffer & Sons, Inc. v. Workmen's Compensation Appeal Bd. (Davis)*, 687 A.2d 869, 871 (Pa.Cmwlth.1996) (quoting *Farkaly v. Workmen's Compensation Appeal Bd. (Baltimore Life Insurance Co.)*, 516 Pa. 256, 260, 532 A.2d 382, 383 (1987)).

referral for a position at R.S.V.P. was open and, thus, actually available to Claimant. Contrary to Claimant's assertion, the WCJ made a finding that a "telephone inter-view[er] [position] at RSVP [was] available [to Claimant] on ... April 13, 1993." (WCJ's Findings of Fact, No. 6(m).) However, although the WCJ found that the R.S.V.P. position was available to Claimant on April 13, 1993, the record is devoid of substantial evidence to support that finding.

 To establish that the position at R.S.V.P. was open and, thus, available when Employer notified Claimant of the position, Employer offered the testimony of Ruther-ford and Walsh; Rutherford testified concerning the first referral to Claimant of the position at R.S.V.P. and Walsh testified concerning the second referral at issue in this case. Unlike Rutherford, who testified that the R.S.V.P. position *was available* to Claim-ant on December 18, 1992 when she initially notified Claimant of the position, (R.R. at 2a),[9] Walsh testified only that he referred the position at R.S.V.P. to Claimant on April 13, 1993. (R.R. at 13a–14a.) Although the WCJ found Walsh's testimony credible, that testi-mony alone is not sufficient to satisfy Em-ployer's burden of proving that the position was open and available to Claimant on that date.[10]

Because Employer failed to introduce evi-dence that the second referral of the position at R.S.V.P. was open and, thus, actually available to Claimant at the time Claimant was advised of the referral, Employer could not meet its burden of proof under the sec-ond prong of *Kachinski.* Thus, the WCAB improperly granted Employer's petition and we reverse.[11]

9. The WCJ found Rutherford's testimony credible and accepted it in its entirety, concluding that the position was available to Claimant on De-cember 18, 1992. (WCJ's Findings of Fact, Nos. 6(m), 10.)

10. Employer contends that Claimant's argument that the position at R.S.V.P. was not open is meritless because common sense dictates that an employer would not refer a position to a claim-ant unless the position was open. Employer's "common sense" contention is not sufficient to

*ORDER*

AND NOW, this 15th day of April, 1998, the order of the Workers' Compensation Ap-peal Board, dated August 25, 1997, is hereby reversed.

satisfy Employer's burden. Employer must put forth evidence that the position was actually open to Claimant on April 13, 1993, and Employ-er failed to do that here.

11. Because Employer failed to meet its burden of proof as to job availability pursuant to the second prong of *Kachinski,* we need not address whether Claimant made a good faith effort to obtain the second referral position at R.S.V.P.